**STATE of Iowa, Plaintiff–Appellant,**

v.

**Francis Mark BRISCO, Defendant–Appellee.**

**No. 11–1413.**

Court of Appeals of Iowa.

April 25, 2012.

---

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Michael J. Walton, County Attorney, and Kelly G. Cunningham, Assistant County Attorney, for appellant.

Nicholas Sarcone of Stowers Law Firm, West Des Moines, for appellee.

Heard by VAITHESWARAN, P.J., and DOYLE and DANILSON, JJ.

DANILSON, J.

The State appeals from the district court's order granting the defendant's motion to dismiss on speedy indictment grounds. We conclude the proposed amendment to the trial information did not charge a "wholly new and different offense" and thus could be amended under Iowa Rule of Criminal Procedure 2.4(8). We therefore reverse and remand.

### I. Background Facts and Proceedings.

The facts are not in dispute. On April 21, 2011, criminal complaints were filed

charging Brisco with two counts of violation of Iowa Code section 124.401(1)(d): count one asserted unlawful delivery of cannabis on January 13, 2011, and count two asserted unlawful delivery of cannabis on March 1, 2011.

On June 2, 2011, a two-count trial information was filed charging Brisco:

### COUNT I

#### DELIVERY OF A SCHEDULE I CONTROLLED SUBSTANCE

The said FRANCIS M. BRISCO on or about the 13th day of January, 2011, in the County of Scott, and State of Iowa: *did unlawfully deliver a controlled substance, or did act with, enter into a common scheme with, or conspire with one more other persons to deliver a controlled substance, to wit:* Crack Cocaine, a Schedule II Controlled Substance, in violation of Sections 124.401(1)(c)(3), 124.206(2)(d) and 703.1 of the Code of Iowa.

### COUNT II

#### DELIVERY OF A SCHEDULE I CONTROLLED SUBSTANCE

The said FRANCIS M. BRISCO on or about the 1st day of March, 2011, in the County of Scott, and State of Iowa: *did unlawfully deliver a controlled substance, or did act with, enter into a common scheme with, or conspire with one more other persons to deliver a controlled substance, to wit:* Crack Cocaine, a Schedule II Controlled Substance, in violation of Sections 124.401(1)(c)(3), 124.206(2)(d) and 703.1 of the Code of Iowa.

The accompanying minutes of testimony and police reports made reference only to delivery of marijuana, a schedule I controlled substance.

On June 17, 2011, the State obtained an ex parte order to amend the trial information and filed an amended and substituted trial information, alleging:

### COUNT I

#### DELIVERY OF A SCHEDULE I CONTROLLED SUBSTANCE

The said FRANCIS M. BRISCO on or about the 13th day of January, 2011, in the County of Scott, and State of Iowa: *did unlawfully deliver a controlled substance, or did act with, enter into a common scheme with, or conspire with one more other persons to deliver a controlled substance, to wit: Marijuana, a Schedule I Controlled Substance, in violation of Sections 124.401(1)(d), 124.204(4)(m)* and 703.1 of the Code of Iowa.

### COUNT II

#### DELIVERY OF A SCHEDULE I CONTROLLED SUBSTANCE

The said FRANCIS M. BRISCO on or about the 1st day of March, 2011, in the County of Scott, and State of Iowa: *did unlawfully deliver a controlled substance, or did act with, enter into a common scheme with, or conspire with one more other persons to deliver a controlled substance, to wit: Marijuana, a Schedule I Controlled Substance, in violation of Sections 124.401(1)(d), 124.204(4)(m) and 703.1* of the Code of Iowa.

(Italics added.)

On June 27, 2011, Brisco filed a motion to dismiss. He argued as follows: on April 21, the defendant was arrested and charged by complaint with two counts of delivery of marijuana in violation of Iowa Code section 124.401(d). A trial information was filed by the county attorney's office charging the defendant with two counts of delivery of cocaine in violation of

Iowa Code section 124.401(1)(c)(3). Speedy indictment expired June 6, 2011. On June 17, the assistant county attorney "presented, ex parte, an application to the Court to amend her incorrectly filed trial information" "to correct the information to accurately reflect the charge for which the Defendant was arrested." "In this case, no trial information was filed in regards to the charges for which the Defendant was arrested within the timeline set forth" in rule of criminal procedure 2.33(2)(a), and dismissal was required.

The State resisted, arguing the trial information accurately charged Brisco with the offenses of delivery of a controlled substance, but "incorrectly referenced the substance as being crack cocaine"; the attached materials referenced two undercover buys of marijuana, putting the defendant on notice "in spite of typographical error"; and the court was authorized to amend the indictment pursuant to rule of criminal procedure 2.4(8)(*a* ).

Following a hearing on the motion to dismiss, the court ruled delivery of crack cocaine constituted a separate and different offense than delivery of marijuana and the State had failed to establish good cause for its noncompliance with the forty-five-day speedy indictment rule. Brisco's motion to dismiss was granted, and the State appeals.

## II. Scope and Standard of Review.

We review speedy indictment issues for correction of errors at law. *State v. Lies,* 566 N.W.2d 507, 508 (Iowa 1997) (interpreting Iowa Rule of Criminal Procedure 2.33(2) [1]).

## III. Merits.

■ *A. Speedy Indictment.* Iowa Rule of Criminal Procedure 2.33(2) provides, in part:

*Speedy trial.* It is the public policy of the state of Iowa that criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties. Applications for dismissals under this rule may be made by the prosecuting attorney or the defendant or by the court on its own motion.

a. When an adult is arrested for the commission of a public offense, . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown. . . .

Under this rule, the forty-five-day period begins to run when the accused is "arrested for the commission of a public offense." *Id.*

Brisco was arrested for a violation of section 124.401(1) on April 21, 2011. An indictable offense may be prosecuted by a trial information. Iowa Rs.Crim. P. 2.4(2), 2.5(1). Here, a trial information was filed on June 2, within the forty-five-day time limit of rule 2.33(2).

Brisco contends, however, the trial information did not accurately charge him with the offense for which he was arrested. Based upon this premise, he contends the amended trial information, which did properly charge him with the offense for which he was arrested, was not timely. We disagree.

*B. Trial Information.* We note that under the criminal procedure rules, "The information shall be drawn and construed, in matters of substance, as indictments are required to be drawn and construed." Iowa R.Crim. P. 2.5(5). Rule 2.4(7) prescribes the contents of an indictment, which "shall include the following":

a. The name of the accused, if known, and if not known, designation of

---

1. Formerly numbered Iowa R.Crim. P. 2.27.

the accused by any name by which the accused may be identified.

b. The name and if provided by law the degree of the offense, identifying by number the statutory provision or provisions alleged to have been violated.

c. Where the time or place is a material ingredient of the offense a brief statement of the time or place of the offense if known.

d. Where the means by which the offense is committed are necessary to charge an offense, a brief statement of the acts or omissions by which the offense is alleged to have been committed. No indictment is invalid or insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in a matter of form which does not prejudice a substantial right of the defendant.

Iowa Code section 124.401(1) makes it "unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." Our supreme court has ruled that section 124.401 "defines one offense, drug trafficking, and enumerates numerous alternative means of committing it." *State v. Abrahamson*, 746 N.W.2d 270, 276 n. 6 (Iowa 2008). The *Abrahamson* court rejected the State's argument that "all of the 'alternatives' listed in section 124.401(1)—a total of at least thirty-six—would constitute separate crimes because they would require proof of different elements." *Id.* at 277. The *Abrahamson* court observed its interpretation of the statute "as a measure of enumerating alternative means of committing the singular offense of drug trafficking has been extant for more than twenty-five years." *Id.* Although our facts are different than the court faced in *Abrahamson*, we find significance to the holding in *Abrahamson*, that for purposes of the speedy indictment rule, "section 124.401 defines one offense."

*C. Amendments to Trial Informations.* Amendments to trial informations are governed by Iowa Rule of Criminal Procedure 2.4(8) (formerly rule 4.8), which provides in pertinent part:

The court may, on motion of the state, either before or during the trial, order the indictment amended so as to correct errors or omissions in matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new or different offense is charged.

Iowa R.Crim. P. 2.4(8)(*a*). Brisco contends the amended trial information charged "wholly new or different offense[s]." We disagree.

As explained in *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997), rule 2.4(8) (then numbered 4(8)) has been interpreted to "require a two part test": A trial information "may be amended to correct errors or omissions of form or substance, so long as a two-pronged test is satisfied: (1) substantial rights of the defendant are not prejudiced thereby, and (2) a wholly new or different offense is not charged." (internal quotation and citation omitted).

In determining whether a "wholly new or different offense" is charged, the *Maghee* court considered that the original charges and the amended charges involved

violations of the same code section: Iowa Code section 124.401(1). This provision contains the base prohibition that no one shall manufacture, deliver, or possess with the intent to manufacture or deliver certain controlled substances or conspire to do so. The elements under the original or amended charges are therefore the same.

573 N.W.2d at 5. Here, as in *Maghee*, the amended trial information charged violations of the same code section—the same "base prohibition," and involved the same

elements. In addition, the amended trial information contained the same times, dates, and places of the alleged offenses. The State's theory of the offenses and the defenses would be identical under each.

We acknowledge the amended trial information charged a different subparagraph of section 124.401 and a different controlled substance. *Compare* Iowa Code § 124.401(1)(c)(3) (noting schedule II controlled substance and making it a class "C" felony), *with* § 124.401(1)(d) (noting schedule I controlled substance and making it a class "D" felony). Under the amended information, here, Brisco faced a lesser penalty under the amended information. In *Maghee,* the court noted the penalties were different under the amended information—in fact, the amended trial information carried a greater penalty—but, that factor did not change the court's analysis. *See Maghee,* 573 N.W.2d at 5.

*D. Specific Paragraph not Required.* We also observe that a trial information need not recite the specific paragraph under which the State relies. *See State v. Dalton,* 674 N.W.2d 111, 120 (Iowa 2004). In *Dalton,* the defendant was charged by trial information with the offense of vehicular homicide in violation of 707.6A(2). *Dalton,* 674 N.W.2d at 115. On appeal, the defendant contended trial counsel was ineffective in failing to move to dismiss because the trial information did not specify the subsection under which he was ultimately convicted. *See id.* at 120. The supreme court wrote:

Dalton claims he was charged with the wrong offense.

A review of the record reveals, however, that the county attorney *did cite a subsection* in the trial information: 707.6A(2). To the extent Dalton's argument should be understood as a complaint that the trial information did not charge Dalton with the *paragraph* under which he was convicted, 707.6A(2)(a),

this would not constitute charging Dalton with the wrong offense; the only possible complaint is that Dalton was not charged specifically enough. The Iowa Rules of Criminal Procedure, however, do not explicitly require the State to charge the defendant with a specific paragraph. Our concern is whether the defendant was "alert[ed] ... generally to the source and nature of the evidence against him." *State v. Lord,* 341 N.W.2d 741, 742 (Iowa 1983) (quoting *State v. Walker,* 281 N.W.2d 612, 614 (Iowa 1979)); *see State v. Grice,* 515 N.W.2d 20, 23 (Iowa 1994) ("The purpose of an indictment or trial information is to apprise the defendant of the crime charged so that the defendant may have the opportunity to prepare a defense."). Employing a case-by-case analysis, we must determine whether the trial information and minutes of testimony are specific enough to afford the defendant a "full and fair statement" of a witness' expected testimony; the State "need not detail each circumstance of the testimony." *See Lord,* 341 N.W.2d at 742; *see also State v. McConnell,* 178 N.W.2d 386, 388 (Iowa 1970) (taking into consideration minutes of testimony in order to remedy supposed defect in trial information); *Grice,* 515 N.W.2d at 23 (minutes of evidence must also be considered to determine whether defendant is adequately apprised of a charge).

Taking into consideration the minutes of testimony, we hold the trial information is sufficient. When read in conjunction with the minutes of testimony, the trial information clearly indicated which paragraph was involved. Section 707.6A(2) has only two paragraphs, and the latter, 707.6A(2)(b), is wholly unsupported by the minutes of testimony; 707.6A(2)(b) categorizes as a class "C" felony vehicular homicide resulting from eluding the police. Nor is there any indication the defendant was not fully

apprised of the charge against him and suffered prejudice as a result. Because any motion to dismiss for lack of specificity in the trial information would have lacked merit, Dalton's trial attorney did not fail to perform an essential duty, and thus his ineffective assistance claim must be rejected. *State v. Liddell,* 672 N.W.2d 805, 811 (Iowa 2003).

*Dalton,* 674 N.W.2d at 120.

*Dalton* can be distinguished from our facts because the instant trial information misstated both the type of controlled substance Brisco allegedly delivered, and the applicable subparagraph of section 124.401(1). But, as noted the rules of criminal procedure do not "explicitly require the State to charge the defendant with a specific paragraph." *Id.* He was properly charged with a violation of Iowa Code section 124.401.

▆▆▆ *E. Discussion.* The inquiry is whether Brisco was alerted generally to the source and nature of the evidence against him. *See id.* The purpose of a trial information or indictment is to afford the person charged with an opportunity to prepare a defense. *Dalton,* 674 N.W.2d at 120; *State v. Davis,* 581 N.W.2d 614, 616 (Iowa 1998). We consider both the trial information and the minutes of testimony

in determining whether an accused has been adequately apprised of the crime charged. *State v. Grice,* 515 N.W.2d 20, 23 (Iowa 1994). Here, the trial information charged delivery of a controlled substance, but then misstated the particular controlled substance alleged to have been delivered. However, the minutes of testimony set out the particulars of the alleged January 13 and March 1, 2011 deliveries of marijuana. Brisco was alerted generally to the source and nature of the evidence against him. He was afforded the opportunity to prepare a defense. He does not argue on appeal that the amendment to the trial information prejudiced his substantial rights and as we have noted, the amended charges are lesser felonies.[2]

Moreover, we note Brisco never filed a bill of particulars contending that "the particulars stated do not constitute the offense charged in the indictment or information" as provided by Iowa Rule of Criminal Procedure 2.11(6)(a).[3] If he had, perhaps the State would have been earlier alerted to the scrivener's error. Instead, he chose to rely on a violation of his speedy indictment rights.

Rule of criminal procedure 2.4(7)(d):

Where the means by which the offense is committed are necessary to

---

**2.** The paragraphs of section 124.401 specify the types of controlled substances and pertinent penalties. Delivery of crack cocaine constitutes a class "C" felony, while delivery of marijuana constitutes a class "D" felony with lesser penalties.

**3.** Rule of criminal procedure 2.11(6) provides:

a. *In general.* If it appears from the indictment or information and the minutes of evidence that the particulars stated do not constitute the offense charged in the indictment or information, or that the defendant did not commit that offense or that a prosecution for that offense is barred by the statute of limitations, the court may and on motion of the defendant shall dismiss the indictment or

information unless the prosecuting attorney shall furnish a bill of particulars which so states the particulars as to cure the defect.
. . . .

c. *Information.* A motion to dismiss the information may be made on one or more of the following grounds:

(1) When the minutes of evidence have not been filed with the information.

(2) When the information has not been filed in the manner required by law.

(3) When the information has not been approved as required under rule 2.5(4).

d. *Time of motion.* Entry of a plea of not guilty at arraignment does not waive the right to move to dismiss the indictment or information if such motion is timely filed within this rule.

charge an offense, a brief statement of the acts or omissions by which the offense is alleged to have been committed. *No indictment is invalid or insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in a matter of form which does not prejudice a substantial right of the defendant.*

(Emphasis added.) We conclude the mis-identification of the particular type of controlled substance constitutes a "defect or imperfection in a matter of form" rather than a different offense entirely for purposes of the speedy indictment rule.[4] The district court thus erred in granting the motion to dismiss on grounds the amendment stated a different offense.

The trial information was timely filed, but contained errors in form or substance. Under rule 2.4(8), "[t]he court may ... order the indictment amended so as to correct errors or omissions in matters of form or substance."[5] We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**

---

**4.** The supreme court has recently stated that "[f]or purposes of the speedy indictment rule, two offenses are the same if they 'are in substance the same, or of the same nature, or same species, so that the evidence which proves one would prove the other.'" *State v. Utter*, 803 N.W.2d 647, 654 (Iowa 2011) (quoting *State v. Moritz*, 293 N.W.2d 235, 239 (Iowa 1980)). However, the court also noted it had applied a different test "where the two charges were not based on different statutes but, instead, constituted two alternative ways of committing the same offense under a single statute." *Id.* (citing *State v. Abrahamson*, 746 N.W.2d at 275–76).

**5.** "Amendment is not allowed if substantial rights of the defendant are prejudiced." Iowa R.Crim. P. 2.4(8). Brisco states he is *not* asserting his substantial rights were prejudiced by the amendment.