# IN THE COURT OF APPEALS OF IOWA

No. 13-0487
Filed October 1, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICHARD OSMOND MCLACHLAN JR.,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.


        A defendant appeals his convictions for possession of a controlled substance with intent to deliver and failure to affix a drug tax stamp.  **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


        Gary Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, John P. Sarcone, County Attorney, Joe Crisp, Assistant County Attorney, for appellee.


        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Richard McLachlan appeals his convictions for possession of marijuana with intent to deliver and failure to affix a drug tax stamp. He argues the State improperly amended the trial information to add the tax stamp charge and did not offer substantial evidence of possession. McLachlan also contends the district court denied him a fair trial by not giving his requested jury instruction on constructive possession, by excluding a third party's statement as hearsay, by admitting a laboratory report without allowing him to confront its author, and by finding his prior felony offenses were admissible.

On the first claim, we find the State charged a wholly new and different offense by adding the tax stamp count to the trial information on the morning of trial. Because the district court should not have allowed the amendment, we reverse the tax stamp conviction and remand for entry of an amended sentencing order.[1] On the second claim, because the record contains sufficient circumstantial evidence to show McLachlan actually possessed the marijuana found at the scene before he fled, we do not disturb the jury's verdict on that offense. For similar reasons, we find the court's refusal to give an additional instruction on constructive possession did not constitute reversible error. We also conclude McLachlan was not prejudiced by the hearsay ruling. Finally, we conclude McLachlan did not preserve error his challenges involving confrontation of the lab technician and impeachment by his prior offenses.

---

[1] Because we decide the amendment was not permitted, we need not address McLachlan's alternative claim that he should have been separately arraigned on the tax stamp charge.

**I.     Trial Court Proceedings**

We start with a brief rendition of the trial proceedings as they are relevant to McLachlan's objection to the State's amendment of the trial information and to his claims of evidentiary error by the district court.

On August 24, 2012, the State filed a trial information charging McLachlan with possession of a controlled substance with intent to deliver, a class "D" felony, in violation of Iowa Code section 124.401(1)(d) (2011).  The information alleged he possessed marijuana when confronted by a Des Moines police officer on August 1, 2012.  He was arraigned on that charge on August 29.  The parties gathered for a pretrial conference on September 27, and indicated plea negotiations were ongoing.  The State offered to refrain from filing additional charges in return for McLachlan's plea to possession with intent to deliver and his agreement to a prison sentence consecutive to his probation violation. McLachlan turned down the offer.

On October 11, 2012, the State filed notice of an additional witness—state criminalist Amanda Kilgore—who was prepared to testify regarding her testing of the exhibits submitted by the Des Moines police.  Attached to the witness notice was her lab report, dated August 31, 2012; the results of her examination showed several baggies of plant material tested positive for marijuana with a total net weight of more than seventy-nine grams.

The defense filed a motion in limine on November 30, 2012, seeking to exclude evidence of McLachlan's prior convictions for possession with intent and domestic abuse assault.  The motion also stated the defense would "object and

move for mistrial if the State attempts to admit any of the following evidence" and then listed two dozen examples of inadmissible references. The State did not resist the second aspect of the defense motion in limine.

On January 28, 2013, the morning of trial, the State moved to amend the trial information to add a charge of failure to affix a drug tax stamp, a class "D" felony in violation of Iowa Code sections 453B.3 and 453B.12. The State also sought to enhance the first count based on McLachlan's prior drug conviction. McLachlan resisted adding the drug tax stamp offense. The district court granted the State's request to amend the trial information. Following trial, a jury entered guilty verdicts against McLachlan on both counts.

On March 25, 2013, the district court sentenced McLachlan to a prison term not to exceed ten years on the enhanced possession with intent conviction and a term not to exceed five years on the tax stamp charge. The court ordered these sentences to be served concurrently to each other but consecutively to a prior conviction.[2]

## II.     Amendment of Trial Information

McLachlan contends the district court erred in allowing the State to amend the trial information on the morning of trial to include a drug tax stamp violation. Such amendments are governed by Iowa Rule of Criminal Procedure 2.4(8):

> The court may, on motion of the state, either before or during the trial, order the indictment[3] amended so as to correct errors or

---

[2] After the verdict, McLachlan stipulated he had a prior conviction for possession of a controlled substance with intent to deliver and stipulated that conviction supported a sentencing enhancement.

[3] The term "indictment" encompasses the trial information. Iowa R. Crim. P. 2.5(5); *State v. Brothern*, 832 N.W.2d 187,192 (Iowa 2013).

omissions in matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged.

This rule establishes a two-part test. *State v. Maghee*, 573 N.W.2d 1, 4 (Iowa 1997). An amendment to correct errors or omissions is permitted so long as (1) it does not prejudice the accused's substantial rights and (2) it does not charge a wholly new and different offense. *Id.*

McLachlan does not argue the amendment prejudiced his substantial rights. Instead, he argues the amendment charged "a wholly new and different offense"—in addition to the original charge of marijuana possession with intent to deliver. We review the question whether an amendment to a trial information charges a "wholly new or different offense" for errors at law. *Id.* at 5 (holding amendment of drug possession offense from class "C" to class "B" felony did not charge "wholly new or different offense").

At trial, the prosecutor cited *Maghee* for the proposition that the State may amend the trial information to allege "a larger quantity of drugs." The prosecutor explained it was typical procedure for his office to "bump things up" after receiving the lab report indicating the weight of the drugs,[4] if the defendant had not accepted a plea offer. The prosecutor acknowledged the tax stamp violation was "a new offense" and a "separate offense" with "separate elements"—but

---

[4] A violation of section 453B.12 requires proof that a dealer possessed a taxable substance without affixing a tax stamp. A dealer is defined as a person who possesses forty-two and one-half grams of processed marijuana. Iowa Code § 453B.1(3)(a)(2). In this case, the State had sufficient information to charge the tax stamp violation when it received the lab report on August 31, 2012—thirty days after the offense date and one week after filing the trial information. The State did not move to amend the trial information until January 28, 2013—five months later.

argued that it stemmed from "the same operative facts." The prosecutor further stated: "We have never arrested Mr. McLachlan for the tax stamp. If [defense counsel] would like, in terms of procedure, we could arrest Mr. McLachlan today for the tax stamp and he can have a separate trial on a tax stamp."

Defense counsel responded he was aware the State was "reserving the right to file additional charges" but maintained the tax stamp was an entirely new charge and an amendment adding a second count to the trial information violated rule 2.4(8). The district court allowed the amendment.

On appeal, the State recognizes the tax stamp statute is not located in the chapter governing controlled substances, but argues the offenses "are nearly always charged together" and are "the same in substance." *See State v. Abrahamson*, 746 N.W.2d 270, 275 (Iowa 2008) (equating the analysis of a "wholly new or different" offense for purposes of amending a trial information with the "same offense" test for speedy trial purposes). The State also points us to *State v. Gallup*, 500 N.W.2d 437, 442 (Iowa 1993), which held possession with intent to deliver is a lesser included offense of a drug tax stamp charge.

The State's argument on appeal might have more strength if the amendment had substituted the tax stamp violation for the possession with intent charge. *See, e.g., State v. Brisco*, 816 N.W.2d 415, 421 (Iowa Ct. App. 2012) (concluding proposed amendment to trial information *changing* offense from delivery of crack cocaine to delivery of marijuana did not charge a wholly new or different offense). Or if the added offense was actually an alternative means of committing drug trafficking. *See, e.g., State v. Williams*, 305 N.W.2d 428, 431

(Iowa 1981) (permitting amendment to add conspiracy charge). But in this case the amendment *added* a second count to the trial information—expanding McLachlan's criminal liability by charging a separate offense, with separate elements, as the prosecutor acknowledged at trial.

We agree with the State that *Gallup* is instructive, but for a different reason. *Gallup* holds the legislature intended to allow cumulative punishment for drug tax stamp violations and offenses under the uniform controlled substances act. *Gallup*, 500 N.W.2d at 445. The supreme court explained that when a prosecutor charges an offense under chapter 124 (then chapter 204) and an offense under chapter 453B (then chapter 421A), "the district court should not submit the former to the jury as a lesser included offense of the latter. Rather, district courts should submit these offenses separately." *Id.* In the event the jury returns a verdict on both offenses, they do not merge. *Id.* The *Gallup* analysis suggests the two offenses should be treated differently from one another.

On appeal, the State argues that not allowing the amendment would be bad public policy because it would encourage piecemeal prosecutions. Any piecework in this case was a purposeful strategy of the prosecution. The trial prosecutor kept the tax stamp charge in his pocket for five months as a negotiation tool and then argued on the morning of trial that the speedy indictment clock had not started on the tax stamp violation because McLachlan was not arrested for that charge. It is true that Iowa Rule of Criminal Procedure 2.6(1) permits, but does not require, multiple charges growing out of a single occurrence to be charged together. *See State v. Eichorn*, 325 N.W.2d 95, 96

(Iowa 1982). But if the possession with intent charge and tax stamp violations are the "same offense"—as the State argues on appeal—the speedy indictment clock would have started to run on August 1, 2012, for both offenses.

We are not called to decide whether the State could have filed a new trial information charging the drug tax stamp violation on January 28, 2013. The only question before us is whether the tax stamp violation constituted a wholly new and different offense for purposes of rule 2.4(8). We hold that it did. Therefore, we vacate McLachlan's tax stamp conviction and remand for the entry of a sentencing order consistent with this opinion.

## III.    Substantial Evidence of Marijuana Possession

McLachlan next claims the State did not offer sufficient evidence he possessed a controlled substance with intent to deliver. Our review of this sufficiency claim is for the correction of errors at law. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We view the evidence in the light most favorable to the verdict and accept all reasonable inferences that may be fairly drawn from the evidence. *See State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014).

In its case in chief, the State presented evidence of the following facts. In the early morning hours of August 1, 2012, Des Moines police officer Jacob Hedlund responded to a call of gunshots fired near Good Park. The officer saw a group of five or six people walking through the closed park. As the officer approached the group, one man ran south—across Atkins Street and into a backyard. Officer Hedlund left his car, drew his weapon, and ordered the rest of the group to get on the ground on the north side of the street.

Fifteen to twenty seconds later, the officer saw the same man return from the backyard. Officer Hedlund handcuffed that man, later identified as Richard McLachlan, and placed him in the squad car. When back-up officers arrived to watch the suspects, Officer Hedlund searched the backyard where McLachlan had fled and found three fist-sized bags of what appeared to be marijuana under some shrubbery. McLachlan was the only person the officer had seen in that yard.

The rest of the group stayed on the north side of the street. After finding the bags, Officer Hedlund asked those individuals, most of whom appeared to be juveniles, if the marijuana belonged to them. They all denied the marijuana was theirs.[5] Another responding officer, Theodore Stroope, searched on the north side of the street and found two small baggies of marijuana, empty plastic baggies, and a car key.[6]

To convict McLachlan, the State was required to prove he (1) possessed marijuana, (2) knew the substance was marijuana, and (3) did so with the specific intent to deliver it. *See* Iowa Code § 124.401(1)(b)(7). The fighting issue on appeal is McLachlan's possession of the marijuana.

Possession means the exercise of dominion and control over a substance. *See State v. Kern*, 831 N.W.2d 149, 160 (Iowa 2013). The State may show the

---

[5] Later, in response to an entreaty from McLachlan, a member of the group named Kenneth Jones did claim ownership of the marijuana. We address Jones's statement in a subsequent issue.

[6] Investigators matched the key to a stolen Lexus parked around the corner from Good Park.

defendant had either actual or constructive possession to obtain a conviction. *Kern*, 831 N.W.2d at 160–61.

Actual possession requires finding contraband on the defendant's person or substantial evidence allowing a conclusion the defendant had the contraband on his person at one time. *State v. Thomas*, 847 N.W.2d 438, 444 (Iowa 2014). The State can show actual possession by direct or circumstantial evidence. *State v. Vance*, 790 N.W.2d 775, 784 (2010).

Constructive possession allows a fact finder to infer the defendant's possession of the contraband from its location or other circumstances. *Thomas,* 847 N.W.2d at 443. When the police find drugs on a premises not under the exclusive possession of the accused, the State must offer additional evidence to establish possession. *Id.* The nature of that additional proof can include the following: incriminating statements or actions by the accused upon police discovery of the drugs among or near his personal belongings, fingerprints on the drug packaging, and any other circumstances linking the accused to the drugs. *See State v. Cashen*, 666 N.W.2d 566, 571 (Iowa 2003). These factors are not exclusive. *Id.*

As articulated by the four-justice majority in *Thomas*, "the distinction between actual possession and constructive possession does not turn on whether a defendant was apprehended with the contraband, but on whether there is sufficient evidence that contraband was in his or her physical possession at some point in time." 847 N.W.2d at 442-43 (citing *Vance*, 790 N.W.2d at 784); *see United States v. Cantrell*, 530 F.3d 684, 693 (8th Cir. 2008) ("A person who

knowingly has direct physical control over a thing, at a given time, is then in actual possession of it."). The three dissenting justices in *Thomas* cautioned: "Regardless whether the actual possession or constructive possession formulation is advanced . . . our purpose in setting forth these formulations and evidentiary factors for consideration has always been to ensure the State can establish, by something more than speculation, that the accused has actually exercised possession of the substance recovered beyond a reasonable doubt."[7] *Thomas*, 847 N.W.2d at 449-450 (Hecht, J., dissenting).

Under the formulation of both the majority and the dissent in *Thomas*, the evidence in this case supports McLachlan's possession of the marijuana.[8] McLachlan ran when Officer Hedlund approached in his squad car. McLachlan was the only member of the group seen in the closed park who crossed to the south side of Atkins Street. The officer testified that in his experience "[i]f one person breaks off, that typically tells me that that person has something that they're wanting to hide that the other group does not need to hide." The trier of fact may consider the expertise of police officers in drug investigations when determining if the State presented substantial evidence. *State v. Grant*, 722 N.W.2d 645, 648 (Iowa 2006).

---

[7] The *Thomas* dissent recognized that direct and circumstantial evidence are equally probative, but nevertheless suggested the requirement that circumstantial evidence be "entirely consistent with defendant's guilt [and] wholly inconsistent with any rational hypothesis of his innocence"—which has been abandoned for all other instances of circumstantial evidence, *see State v. O'Connell*, 275 N.W.2d 197 (Iowa 1979),—should remain the test in actual possession cases. *Thomas*, 847 N.W.2d at 451.

[8] The *Thomas* dissent believed the possession evidence in that case pointed equally to Thomas and to the other occupants of the apartment. *Thomas*, 847 N.W.2d at 456. By contrast, in this case, McLachlan was the only person the officer saw in the vicinity of the drugs found under the bushes.

McLachlan entered a backyard and was out of the officer's sight for no more than twenty seconds. Shortly after apprehending McLachlan, the officer found bags of marijuana which appeared to have been tossed, not buried, under the bushes along the fence line closest to the street. The officer saw no other people in that backyard or near the fence line. Officer Hedlund testified it was unlikely another dealer would have left the bags of marijuana in that unsecured location for any stretch of time because of their high monetary value. *See generally Thomas*, 847 N.W.2d at 438 n.1 (quoting with approval prosecutor's closing argument that it would be unusual for a drug dealer to "leave drugs laying out"). Viewing the evidence in the light most favorable to the State, we find adequate circumstantial evidence that the marijuana found in the bushes was in McLachlan's actual possession when he ran from the officer.

As far as McLachlan's intent to deliver, the quantity of the marijuana found in the bags recovered from the south side of Atkins Street supported that inference. *See State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996). In addition, Officer Hedlund found it significant that smaller baggies of marijuana, as well as yet-to-be used baggies, were found on the north side of the street where the rest of the group remained. The officer believed the group members "as a whole were working together to distribute marijuana." Considering all of the evidence offered in the State's case, we conclude the question of McLachlan's guilt for possession with intent to deliver was properly sent to the jury.

## IV. Jury Instruction on Constructive Possession

Constructive possession is also the focus of McLachlan's complaint about the jury instructions. He argues the district court erred in refusing his request to provide the jurors with a list of factors to consider in deciding whether the State proved constructive possession as formulated by the court in *Cashen*, 666 N.W.2d at 571.

We review jury instruction challenges to correct legal error. *State v. Becker*, 818 N.W.2d 135, 140 (Iowa 2012). We apply an abuse of discretion standard to the related claim that the district court should have given an instruction requested by the defendant. *Id.* "An abuse of discretion occurs when the court's decision is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable degree." *Id.*

The district court gave the uniform instruction defining possession,[9] but declined McLachlan's request for an additional instruction providing the jurors with examples of circumstances from which they could infer constructive

---

[9] Jury Instruction No. 22 states:

> The word "possession" includes actual as well as constructive possession, and also sole as well as joint possession. A person who has direct physical control on or around his person is in actual possession of it.
>
> A person who is not in actual possession, but who has knowledge of the presence of something and has the authority or right to maintain control of it either alone or together with someone else, is in constructive possession of it. A person's mere presence alone, at a place where a thing is found, is not enough to support a conclusion that the person possessed the thing. You must consider whether all the facts and circumstances, as established by the evidence, allow a reasonable inference that the defendant knew of the drug's presence and had the right to maintain control over it.
>
> If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

possession if the defendant did not have exclusive possession of the premises where the contraband was found. The court reasoned it would be "inappropriate for this Court to start to list some factors, more specifically some factors that are not present as requested by the defendant in the requested instruction and not to mention other factors that the jury could consider." The court ultimately ruled it would be an "unfair comment on the evidence" to give a so-called *Cashen* instruction.

We find no abuse of discretion in the court's refusal to draw the jury's attention to a non-exclusive list of factors used on appeal to decide if the evidence established constructive possession. Jury instructions should not comment on specific evidence. *McLaughlin v. State*, 533 N.W.2d 546, 548 (Iowa 1995). An instruction that highlighted fingerprints or statements by the defendant upon discovery of the drugs may have unduly limited the jury's assessment of the totality of evidence presented. *Cf. State v. Moeller*, 616 N.W.2d 424 (S.D. 2000) (concluding judge was correct in declining to give jury a specific list of mitigating factors in the penalty phase of the trial because it might have been perceived as a comment on the evidence).

Even if the additional constructive possession instruction had been proper, McLachlan cannot show he was prejudiced by its absence. A court's refusal to give a party's proposed instruction is not prejudicial when that party's counsel can still effectively advance its theory of the case to the jury. *Crawford v. Yotty*, 828 N.W.2d 295, 307 (Iowa 2013). McLachlan's counsel was able to advance his theory by calling a private detective to testify McLachlan's fingerprints were

not found on the baggies and by emphasizing that point in closing argument. Counsel also argued in closing that when the officer confronted McLachlan with the drugs, McLachlan denied they belonged to him.

Moreover, as noted above, the State offered substantial circumstantial evidence of McLachlan's actual possession of the marijuana. Given the proof of recent actual possession, McLachlan cannot show prejudice resulting from the absence of an additional instruction regarding constructive possession.

## V.     Hearsay from Third Party

McLachlan challenges the district court's exclusion of an out-of-court statement claiming ownership of the marijuana made by a member of the group that remained on the north side of the street. McLachlan recognizes the statement was hearsay,[10] but claims the court should have applied the exceptions at Iowa Rules of Evidence 5.804[11] or 5.807.[12] We review the

---

[10] Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 5.801(c).

[11] A hearsay statement may be introduced if the declarant is unavailable and the statement was so contrary to the declarant's interest it would not have been said unless believed to be true. Iowa R. Evid. 5.804(b)(3). "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Id.

[12] A statement not specifically covered by any of the exceptions in rules 5.803 or 5.804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant. Iowa R. Evid. 5.807.

admissibility of hearsay evidence for corrections of errors at law. *State v. Buenaventura*, 660 N.W.2d 38, 50 (Iowa 2003).

As McLachlan was being transferred between police vehicles, he yelled to the rest of his group: "Hey, just take this for me. I'm going to get ten years for this." A member of the group, later identified as Kenneth Jones, responded: "Yeah, it's mine."[13] The State sought to offer McLachlan's statement as probative of his "knowledge and his motive and his intent of not wanting to go to prison for ten years." The defense urged that Jones was unavailable as a witness and sought to offer his out-of-court response under the exception for statements against interest or the residual exception. The prosecutor argued against admitting Jones's statement: "This individual was always seen on the north side of the street. And that's why the officer didn't do any follow-up, because they didn't believe that statement because earlier he had told them no."

The district court excluded McLachlan's statement imploring his companions, most of whom were juveniles, to help him avoid a lengthy prison term. The court decided McLachlan's statement was more prejudicial than probative. The court also excluded Jones's statement belatedly claiming the marijuana belonged to him. The court was "not convinced" the defense had shown the witness was unavailable for purposes of Rule 5.804(b)(3) and concluded the defense did not provide proper notice or show the statement was sufficiently trustworthy for purposes of the residual exception at 5.807.

---

[13] Despite being equipped with both audio and video recording capabilities, Officer Hedlund did not activate either system during the encounter with McLachlan and the others in his group.

On appeal, McLachlan argues despite its best efforts, the defense was unable to find Jones before trial. McLachlan also points to several corroborating circumstances to support admissibility of Jones's statement under rule 5.804(b)(3). McLachlan also argues he satisfied the factors for admissibility under rule 5.807.

The State counters with a defense of the district court's rulings. But as a back-up plan, the State argues any error in excluding Jones's statement was harmless. "An erroneous evidentiary ruling is harmless if it does not cause prejudice." *State v. Redmond*, 803 N.W.2d 112, 127 (Iowa 2011). The State contends McLachlan was not prejudiced for two reasons: (1) even if the jurors had heard and believed Jones's statement that the marijuana was his, such a claim of ownership would not have precluded a possessory right in McLachlan and (2) under the rule of completeness expressed in Iowa Rule of Evidence 5.106(a),[14] where part of a conversation is introduced by one party, any other part of the conversation is admissible when necessary in the interest of fairness.

Without determining the admissibility of the hearsay, we accept the State's harmlessness argument as related to rule 5.106. Under that rule, the district court could not have allowed the defense to offer Jones's statement—"Yeah, it's mine"—into evidence without also allowing the State to offer the part of the exchange which immediately preceded the admission, which was McLachlan's call for someone to "take this for me. I'm looking at ten years." It has long been

---

[14] "When an act, declaration, conversation, writing, or recorded statement, or part thereof, is introduced by a party, any other part or any other act, declaration, conversation, writing, or recorded statement is admissible when necessary in the interest of fairness, a clear understanding, or an adequate explanation."

our law that "when one party inquires as to part of a conversation, the other is entitled to the whole thereof, bearing upon the same subject." *See State v. Rutledge*, 113 N.W. 461, 464 (Iowa 1907).

When addressing the hearsay issue on appeal, McLachlan does not argue he would have still sought to admit Jones's statement knowing it would come as a package deal with his own out-of-court request to the group. And if the district court had allowed the jury to hear the entire conversation, when viewed in context, Jones's statement would have had minimal probative value compared to the prejudicial nature of McLachlan's own statement. Accordingly, we conclude exclusion of Jones's hearsay statement was harmless.

## VI.    Confrontation of Lab Technician

McLachlan next argues his confrontation rights were violated by admission of a Division of Criminal Investigation (DCI) crime lab report concerning the testing and weighing of the marijuana without the testimony of the criminalist. McLachlan's argument on appeal differs from his objection in the district court.

On October 11, 2012, the State filed a notice of an additional witness, indicating DCI criminalist Kilgore or her designee would "testify in detail regarding the method and procedure used in the analysis of the evidence and will testify regarding the results of the analyses as documented in the DCI laboratory report prepared in connection with this case." The lab report cited language from

Iowa's notice and demand statute, Iowa Code section 691.2,[15] indicating its findings were admissible without the testimony of a criminalist.

On the eve of trial, the State filed an exhibit list including the laboratory report.  At the pretrial conference on the morning of trial, McLachlan objected to the admission of the report, without the accompanying testimony of the criminalist, as a violation of his Sixth Amendment right to confrontation.  Defense counsel cited *Bullcoming v. New Mexico,* 131 S. Ct. 2705, 2709 (2011), as requiring the prosecution to offer a live witness who is competent to testify to the truth of the report's statements.  The prosecutor noted the defense had not filed a ten-day notice asking for the criminalist to appear under section 691.2.  Defense counsel responded "the statute does not trump the constitution."  The district court overruled the objection and allowed the report into evidence.

In *Bullcoming*, the United States Supreme Court recognized the validity of "notice and demand" procedures like section 691.2.  131 S. Ct. at 2718 (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 326 (2009), for the proposition

---

[15] Any report, or copy of a report, or the findings of the criminalistics laboratory shall be received in evidence, if determined to be relevant, in any court, preliminary hearing, grand jury proceeding, civil proceeding, administrative hearing, and forfeiture proceeding in the same manner and with the same force and effect as if the employee or technician of the criminalistics laboratory who accomplished the requested analysis, comparison, or identification had testified in person.
A party or the party's attorney may request that an employee or technician testify in person at a criminal trial, administrative hearing, or forfeiture proceeding on behalf of the state or the adverse agency of the state, by notifying the proper county attorney, or in the case of an administrative proceeding the adverse agency, at least *ten days* before the date of the criminal trial, administrative hearing, or forfeiture proceeding.  A party or the party's attorney in any other civil proceeding may require an employee or technician to testify in person pursuant to a subpoena.
Iowa Code § 691.2 (emphasis added).

that notice-and-demand statutes permit the defendant to assert (or forfeit by silence) his confrontation right after receiving notice of the prosecution's intent to offer a forensic analyst's report). Accordingly, the district court aptly rejected McLachlan's confrontation clause argument.

On appeal, McLachlan switches gears and asserts the district court should have interpreted a paragraph in his November 30, 2012, motion in limine, as a demand for Kilgore to testify. McLachlan points to one paragraph, among twenty some in that motion, which states he would "object and move for mistrial if the State attempts to admit . . . [a]ny testimonial evidence from witnesses who will not testify at trial." The motion did not specifically mention Kilgore's expected testimony.

The State argues McLachlan failed to preserve error on his appellate claim because he did not assert at trial that he had given proper notice under section 691.2. We agree with the State. McLachlan is confronted with an obvious preservation problem. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) (reminding litigants "[n]othing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court"). Because this argument was not presented to the district court, it is not properly before us.

Even assuming arguendo that error was preserved, the highlighted language—buried amidst paragraphs of boilerplate in the defense motion in limine—could not be construed as a request for a criminalist to testify. The paragraph stated defendant's intent to object to evidence which violated the

confrontation clause, which the lab report did not. Because McLachlan did not request that Kilgore testify in person, he waived his opportunity to confront her under the clear language of section 691.2.

## VII. Prior Criminal History

McLachlan's final issue involves the admissibility of his prior convictions for impeachment purposes under Iowa Rule of Evidence 5.609(a). The district court ruled the State could not go into the fact McLachlan had a prior drug conviction, but—if he decided to take the stand—would be allowed to ask him "the simple question as to whether or not he has been previously convicted of a felony." McLachlan opted not to testify. But he nevertheless challenges the court's ruling under rule 5.609(a) on appeal.

"It has long been settled law that a criminal defendant must testify and confront the impeachment evidence before seeking an appellate determination of admissibility." *State v. Derby*, 800 N.W.2d 52, 59 (Iowa 2011). As McLachlan decided not to testify, he did not preserve this argument for appellate review. *See id.* at 55.

In conclusion, we hold the district court mistakenly allowed the State to amend the trial information by charging a wholly new and different offense. Accordingly, we vacate the drug tax stamp conviction and remand for entry of a revised sentencing order. We affirm on the remaining claims.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**