# IN THE COURT OF APPEALS OF IOWA

No. 15-1586
Filed November 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN LENARD VIERS JR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly,

Judge.

        A defendant appeals his convictions for operating while intoxicated

claiming counsel provided ineffective assistance.  **AFFIRMED.**

        Gerald J. Kucera, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant

Attorney General, for appellee.

        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Following a jury trial, Steven Viers appeals his convictions for one count of operating while intoxicated (OWI), third or subsequent offense and as an habitual offender, in violation of Iowa Code sections 321J.2 and 902.8 (2013), and one count of driving while barred, in violation of Iowa Code sections 321.560 and 321.561.[1] He claims his counsel was ineffective in a number of ways, including: failing to file a notice of defense due to his multiple sclerosis, failing to file a motion to suppress due to his medical condition and a lack of probable cause to stop his vehicle, failing to call witnesses at trial, failure to communicate with him, failing to prepare him to testify, and failing to prepare for trial. Viers asks that we find the record adequate to address these claims on appeal, but he fails to present any argument as to how counsel was ineffective and how he suffered prejudice as a result. We therefore preserve these claims for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 196 (Iowa 2010) (noting we must preserve an ineffective-assistance claim made on direct appeal if the record is inadequate to address the claim "regardless of the court's view of the potential viability of the claim.").

Viers also claims the court erred when it sentenced him to fifteen years in prison as an habitual offender under section 902.8 when the trial information never mentioned that code section. He does concede the trial information charging him with OWI also charged him with "being a third offender and being a habitual felon" but claims the lack of reference to section 902.8 makes his

---

[1] Following a guilty plea, Viers was separately convicted of OWI third-offense and driving while barred under a separate docket number. He does not appeal those convictions, and we do not address them further.

sentence illegal. The State maintains that while Viers frames his argument as a sentencing error, it is really a challenge to the adequacy of the trial information that must be made first at the trial court in order to be preserved for appeal. On the merits, the State maintains that even absent a reference to section 902.8 the trial information sufficiently advises Viers of the State's intention to pursue the habitual offender enhancement. In his reply brief, Viers claims that any failure of counsel to challenge the trial information also amounted to ineffective assistance of counsel. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009) ("We have repeatedly held we will not consider issues raised for the first time in a reply brief.").

We agree with the State that Viers attempts to challenge the adequacy of the trial information on direct appeal without having challenged it at the district court, and therefore, Viers's claim is not preserved for our review. *See State v. Watkins*, 659 N.W.2d 526, 533 (Iowa 2003) ("A bill of particulars is a request for a more specific statement of the details of the offense charged. Its purpose is to provide additional information that the indictment and minutes of testimony do not give." (citations omitted)); *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal."); *see also State v. Brothern*, 832 N.W.2d 187, 191 (Iowa 2013) ("Generally, we require objections to be made 'at the earliest opportunity' after the grounds become apparent." (citation omitted)).

To the extent Viers claims counsel was ineffective in not challenging the adequacy of the trial information charging him as an habitual offender, we also reject this claim. "The purpose of a trial information or indictment is to afford the

person charged with an opportunity to prepare a defense. We consider both the trial information and the minutes of testimony in determining whether an accused has been adequately apprised of the crime charged." *State v. Brisco*, 816 N.W.2d 415, 420 (Iowa Ct. App. 2012) (citations omitted). While the trial information did not contain a reference to section 902.8, it stated Viers was being charged as an "habitual felon," and it specifically listed three prior felony convictions for OWI third. The minutes of testimony also stated the clerk of court or her designee would be called to testify regarding these specific prior offenses. We conclude the trial information was sufficient to alert Viers he was being charged as an habitual offender and to allowed him an opportunity to prepare a defense. *See id.*; *see also State v. Dalton*, 674 N.W.2d 111, 120 (Iowa 2004) (finding defendant failed to prove counsel was ineffective in not challenging trial information where, even though it did not specifically reference the paragraph of the code section the defendant was charged under, it was still sufficient to appraise the defendant of the charge and he did not suffer prejudice). Any objection or motion trial counsel could have filed against the specificity of the trial information in this case would have been rejected. *Brothern*, 832 N.W.2d at 192 ("We will not find counsel incompetent for failing to pursue a meritless issue." (citation omitted)).

Viers's convictions are affirmed; all other ineffective-assistance claims are preserved for possible postconviction-relief proceedings.

**AFFIRMED.**