## IN THE COURT OF APPEALS OF IOWA

No. 18-1260
Filed August 7, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRANDON D. RUIZ,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows (motion to amend trial information) and Tom Reidel (trial), Judges.

        The defendant appeals from his conviction of sexual abuse in the second degree. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, (until withdrawal), and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., and Doyle and May, JJ.

**POTTERFIELD, Presiding Judge.**

Brandon Ruiz appeals from his conviction of sexual abuse in the second degree following a trial to the bench. Ruiz maintains the district court erred by allowing the State to amend the trial information to add wholly new or different charges after the speedy-indictment deadline had passed.

Based on the filing of a criminal complaint alleging Ruiz had sexually abused A.R., a four-year-old child, Ruiz was arrested on October 15, 2016.

A trial information was filed on November 15, alleging that "on or about the 20th day of September, 2015,[1] . . . [Ruiz] did commit sexual abuse upon A.R., a child under the age of twelve in violation of Section 709.3(1)(b) of the Code of Iowa."

Then, on March 29, 2017, the State filed a motion to amend the trial information to charge seven counts of second-degree sexual abuse "to reflect that different acts of sex abuse are alleged to have occurred over time." All seven of the proposed new counts were alleged to have occurred between November 2015 and September 2016. None of the proposed new counts appear to correlate to the date in the original trial information. The seven counts in the amended trial information allege specific sex acts, unlike the original trial information that alleged sexual abuse, although each is based on an alleged violation of Iowa Code section 709.3(1)(b). The State relied on the original minutes of testimony provided with the original trial information.

---

[1] Apparently this date is understood to be an error since it falls at least two months earlier than any of the events charged in the 2017 amended trial information.

A hearing on the motion to amend took place on April 12. On April 26, at a second hearing, the court granted the State's motion, and the trial information was amended so as to include seven different counts of sexual abuse in the second degree. Additionally, the court granted Ruiz's motion to continue trial.

The trial to the bench took place almost one year later—on April 23, 2018. The court convicted Ruiz of one of the seven counts of sexual abuse in the second degree, concluding the State proved one instance of sexual contact between Ruiz's genitalia and A.R.'s mouth as alleged in count V of the amended trial information. Ruiz was acquitted of the six other charges. He was later sentenced to a term of incarceration not to exceed twenty-five years.

Iowa Rule of Criminal Procedure 2.4(8)(a) provides:

> The court may, on motion of the state, either before or during the trial, order the indictment amended so as to correct errors or omissions in matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged.

In allowing the amended trial information, the district court stated it determined the new counts were not new offenses but alternative means of committing the originally charged offense of sexual abuse. The court made clear it did not accept the State's argument that the proposed amended counts each alleged a separate offense. We agree with the district court. The statute charged remained the same; the witnesses remained the same; the originally filed minutes of testimony supported the amended charges. Although the timeframe alleged in the amended counts differed from the original count, Ruiz was alerted to the source and nature of the evidence against him. *See State v. Brisco*, 816 N.W.2d 415, 421 (Iowa Ct. App. 2012) (concluding proposed

amendment to trial information changing offense from delivery of crack cocaine to delivery of marijuana did not charge a wholly new or different offense as each offense constitute a violation of the same code section and involved the same "base prohibition"); *see also State v. Fuhrmann*, 257 N.W.2d 619, 624 (Iowa 1977) (allowing amendment of trial information changing first-degree murder by adding a charge of felony-murder because it "was only an alternative means of committing the crime of first-degree murder").

That being said, one of the seven new counts could properly be charged as a substitute for the charge in the initial trial information. *See Brisco*, 816 N.W.2d at 421 (Iowa Ct. App. 2012). Still, the court's decision to allow the State to amend the trial information to include six more counts than the initial trial information was in error. *See State v. McLachlan*, No. 13-0487, 2014 WL 19330441, at *3 (Iowa Ct. App. Oct. 1, 2014) (finding error when "the amendment *added* a second count to the trial information—expanding [the defendant's] criminal liability by charging a separate offense").

The State does not argue the amendment to the trial information was proper; rather, it maintains "there was no reversible error because Ruiz was convicted of only one count, and thus, any error was harmless." In *State v. Sharpe*, the defendant was initially charged with second-degree murder of his wife; the State later amended the trial information, substituting the charge with that of first-degree murder. 304 N.W.2d 220, 222–23 (Iowa 1981). The jury convicted the defendant of second-degree murder and the defendant appealed, arguing the amendment was improper and his conviction should be reversed. *Id.* Our supreme court determined the district court erred in permitting the

amendment of the trial information to change the charge to one of first-degree murder but ultimately concluded the error was harmless and did not require reversal since the defendant was convicted of second-degree murder. *Id.* at 224–25. The same rationale applies here. While it was improper for the court to allow the State to add six additional charges of second-degree sexual abuse, the court convicted Ruiz of just one count—as he was initially charged. *Cf. id.* at 225 ("We find no justification for retaining the rule that prejudice will be presumed when a defendant has been tried under an indictment improperly charging a higher offense, if the conviction is for an included offense, properly charged."). We will not presume prejudice, and Ruiz has not established it.

We affirm Ruiz's conviction of sexual abuse in the second degree.

**AFFIRMED.**