# IN THE SUPREME COURT OF IOWA

No. 98 / 05-1653

Filed March 21, 2008

**STATE OF IOWA,**

Appellee,

vs.

**MICHAEL BYRON ABRAHAMSON,**

Appellant.

_____

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Marion County, Dale B. Hagen (dismissal of first trial information and arraignment on second trial information), Jerrold Jordan (ruling on motion to dismiss), and Richard D. Morr (trial and sentencing), Judges.


The State seeks further review of a decision of the court of appeals reversing the defendant's conviction of manufacturing methamphetamine. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED.**


Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.


Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Terry E. Rachels, County Attorney, and Douglas Eicholz, Assistant County Attorney, for appellee.

**HECHT, Justice.**

This case is before us on further review of a court of appeals decision reversing defendant Abrahamson's conviction for manufacturing methamphetamine, under Iowa Code section 124.401(1) (2004). The court of appeals concluded the conviction on the manufacturing charge must be reversed because Abrahamson's right to a speedy trial was violated on a previous conspiracy-to-manufacture-methamphetamine charge arising from the same facts. We agree that Abrahamson's conviction cannot stand under the circumstances presented here.

## I.     Background Facts and Proceedings.

In the early morning of April 23, 2004, officers initiated a traffic stop of a vehicle near Bussey, Iowa. When the officers stopped the car, Michael Abrahamson was sitting in the front passenger seat. While questioning the driver of the car, an officer observed Abrahamson reach down to the floorboard of the car. The odor of ammonia emanating from the car was overpowering, and officers discovered rubber tubing, a pair of leather gloves, and a cold Tupperware bowl with a mixture containing methamphetamine on the passenger side floorboard. The officers arrested the driver and Abrahamson, and on April 30, 2004, the State filed a trial information (in case number FECR020642) charging Abrahamson with conspiracy to manufacture methamphetamine in violation of Iowa Code section 124.401(1)(*b*)(7).

On July 28, 2004, the district court found good cause to delay the trial for thirty-one days because Abrahamson had been in voluntary inpatient drug treatment. Trial was rescheduled to begin August 25, 2004. On August 13, 2004, the State moved to dismiss the conspiracy charge without prejudice "in the interests of justice," pursuant to Iowa Rule of

Criminal Procedure 2.33(1).  Although the State did not provide any specific reasons for its assertion that the dismissal of the conspiracy charge was in the furtherance of justice, the district court granted the motion the same day without a hearing.  The State also filed on the same day a two-count trial information (in case number FECR020894) charging Abrahamson with manufacturing methamphetamine (Count I) and conspiracy to manufacture methamphetamine (Count II), based on the facts that formed the basis for the April 23 arrest and the dismissed information in case number FECR020642.

Abrahamson filed a motion asserting the manufacturing and conspiracy charges should be dismissed.  He contended the conspiracy count could not be refiled because it alleged an offense that had previously been dismissed upon the State's motion in case number FECR020642 for the purpose of avoiding the speedy trial rule, and not in the furtherance of justice.  Abrahamson's motion further asserted the manufacturing charge must be dismissed because it was based on the same set of facts as the dismissed conspiracy charge, and because manufacturing methamphetamine and conspiracy to manufacture that substance are alternative means of committing the same offense in violation of Iowa Code section 124.401(1).

On April 4, 2005, another district court judge granted Abrahamson's motion to dismiss the conspiracy charge.  The court reasoned Abrahamson's speedy trial rights were violated because the August 13, 2004 dismissal in case number FECR020642 was not shown to be "in the furtherance of justice."[1]  The court denied Abrahamson's motion to dismiss the manufacturing charge.

---

[1]Iowa Rule of Criminal Procedure 2.33(1) authorizes the dismissal of a prosecution in the furtherance of justice with "the reasons therefor being stated in the order and

A jury found Abrahamson guilty of manufacturing more than five grams of methamphetamine, and the district court sentenced him to a twenty-five-year indeterminate prison sentence and a $5000 fine. Abrahamson appealed, contending the district court erred in denying his motion to dismiss the manufacturing charge on speedy trial grounds.[2] The court of appeals reversed Abrahamson's conviction. We granted the State's application for further review.

## II. Scope of Review.

Abrahamson claims he was denied his right to a speedy trial. Our review is for correction of errors at law. *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001).

## III. Discussion.

Our analysis of whether a charge is barred by a previous speedy trial dismissal requires a two-step process. *State v. Fisher*, 351 N.W.2d 798, 801 (Iowa 1984) (citing *State v. Moritz*, 293 N.W.2d 235, 238 (Iowa 1980)). We first determine whether the initial charge was dismissed "for speedy-trial reasons, not in the 'furtherance of justice.' " *Id.* If we answer that question in the affirmative, we look to whether the subsequent charge is for the "same offense" previously dismissed on speedy trial grounds. *Id.*

**A. Speedy Trial Dismissal.** Prosecutions of criminal offenses in Iowa "may be terminated only by public officers in accordance with

---

entered of record." Although the State's motion alleged the requested dismissal was in the "furtherance of justice," it did not allege a factual basis for such a finding. The order granting the State's motion stated the relief was granted "for the reasons stated in the State's motion."

[2]In a brief filed on appeal by his counsel, Abrahamson also contends the district court erred by admitting evidence of prior bad acts and allowing a recording into evidence in violation of the Confrontation Clause of the Sixth Amendment. Abrahamson raises nine other issues in his pro se appellate brief. Because we conclude the district court erred in failing to dismiss the manufacturing charge, we do not reach these issues.

established procedures." *State v. Swallom*, 244 N.W.2d 321, 324 (Iowa 1976). Iowa Rule of Criminal Procedure 2.33 prescribes the procedure by which prosecutors may seek dismissal of pending charges without prejudice:

> The court, upon its own motion or the application of the prosecuting attorney, *in the furtherance of justice*, may order the dismissal of any pending criminal prosecution, the reasons therefor being stated in the order and entered of record, and *no such prosecution shall be discontinued or abandoned in any other manner*. Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious misdemeanor; but it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

(Emphasis added.) Under rule 2.33(1), after a dismissal in the furtherance of justice, the same felony or aggravated misdemeanor charges may be refiled. However, in order to obtain a valid dismissal in the interests of justice (and the resulting benefit of a dismissal without prejudice), the State must provide appropriate and sufficient reasons for the dismissal. *State v. Gansz*, 403 N.W.2d 778, 780 (Iowa 1987) (noting "if it could be demonstrated that the prior dismissal, regardless of its stated purpose, was without adequate cause and that it impacted unfavorably upon a defendant's speedy trial rights, the resulting delay in prosecution would warrant a dismissal").

A dismissal for failure to provide a speedy trial is an "absolute dismissal, a discharge with prejudice, prohibiting reinstatement or refiling of an information or indictment charging the same offense." *State v. Johnson*, 217 N.W.2d 609, 612 (Iowa 1974) (stating that allowing the State to refile the same charges following a speedy trial violation would "drain [the speedy trial rule] of its effectiveness") (citing *Strunk v. United States*, 412 U.S. 434, 438, 93 S. Ct. 2260, 2263, 37 L. Ed. 2d 56, 61 (1973); *Barker v.*

*Wingo*, 407 U.S. 514, 522, 92 S. Ct. 2182, 2188, 33 L. Ed. 2d 101, 112 (1972); *Hilbert v. Dooling*, 476 F.2d 355, 358 (2d Cir. 1973)).

In its April 4, 2005 order, the district court dismissed with prejudice the conspiracy charge in case number FECR020894 because the State had failed to bring Abrahamson to trial on the conspiracy charge in case number FECR020642 within the speedy trial deadline. The State has not sought appellate review of that decision. Accordingly, we must determine if the manufacturing charge in case number FECR020894 is the same offense for speedy trial purposes as the conspiracy-to-manufacture charge that was dismissed in case number FECR020642.

**B. Same Offense.** In *State v. Williams*, 305 N.W.2d 428 (Iowa 1984), the defendant was charged in a two-count information with possession of a controlled substance with intent to deliver it and delivery of the substance in violation of Iowa Code section 204.401(1) (1977).[3] 305 N.W.2d at 430. The State subsequently sought and obtained, over Williams's resistance, leave to amend the information to allege in a third count that Williams also engaged in a conspiracy to manufacture, possess with intent, and deliver the same controlled substance. After he was convicted and sentenced on all three counts, Williams claimed on appeal the district court erred in granting leave to amend the information because the conspiracy charge was a "wholly new and different offense." *See* Iowa R. Crim. P. 2.4(8)(*a*) (precluding amendment of the information "if substantial rights of the defendant are prejudiced, or if a wholly new and different offense is charged"). We rejected that claim, reasoning the conspiracy charge did not allege a new offense, but merely "[an alternative] means of committing the

---

[3]Iowa Code section 204.401(1) (1977) was the predecessor to the current drug trafficking statute, section 124.401(1).

same offense" of drug trafficking. *Williams*, 305 N.W.2d at 431. Based on the same reasoning, we vacated the judgment and remanded the case for resentencing on a single drug trafficking offense because the district court erred in sentencing Williams for three offenses. *Id.* at 434.

The court of appeals relied on the *Williams* decision in deciding the conspiracy and manufacturing counts in the information filed against Abrahamson alleged alternative means of committing one offense. The court concluded just as the dismissed conspiracy charge could not be refiled as a consequence of a violation of Abrahamson's speedy trial rights, the conviction of manufacturing methamphetamine cannot stand because it constitutes an alternative means of committing the same offense: a violation of Iowa Code section 124.401(1).

The State contends the court of appeals erred in relying on *Williams* because the analytical framework used in determining whether the offenses are the same for speedy trial purposes should differ from the one applied in determining whether amendments to trial informations should be granted. The State urges us to adopt a "same elements" test (sometimes called the "legal elements" test and employed in the identification of lesser included offenses, *see State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995)) for the resolution of speedy trial "same offense" issues. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306, 309 (1932). Under the *Blockburger* analysis, the court would determine whether two offenses were the "same" by comparing the elements of proof required for each offense. *Id.*

We confronted the question whether charges were the "same offense" for speedy trial purposes in *State v. Moritz*, 293 N.W.2d 235 (Iowa 1980).[4] In

---

[4]The speedy trial statute considered in *Moritz*, Iowa Code section 795.2 (1977), was substantially identical to the current speedy trial rule, rule 2.33(2)(*b*), with the exception

*Moritz,* the State filed an information claiming the defendant violated Iowa Code sections 739.10 (1977) (accepting award for public duty) and 740.1 (extortion) on January 7, 1977, and engaged in a conspiracy to commit those crimes in violation of section 719.1. The State's motion to dismiss the information "in the interests of justice" was sustained by the court. The State later filed a new information alleging Moritz accepted an award for public duty on April 5, 1977, in violation of section 739.10 and engaged in a conspiracy to do so. In our decision on Moritz's appeal following his conviction on both charges, we concluded the conspiracy charge must be dismissed because it alleged the same offense (conspiracy) charged in the earlier information; and its refiling violated Moritz's right to a speedy trial. We held, however, the other charge (accepting an award for public duty in violation of section 739.10) was not vulnerable to Moritz's motion to dismiss based on the speedy trial rule because it alleged a different offense committed on a different date than the offense charged under the same statute in the dismissed information.

Our decision in *Moritz* noted the "same offense" test applied in the speedy trial context focuses on whether the " 'two offenses are in substance the same, or of the same nature, or same species, so that the evidence which proves one would prove the other.' " 293 N.W.2d at 238–39 (quoting *State v. Stewart,* 223 N.W.2d 250, 251 (Iowa 1974)). Applying this test, we held the conspiracy count that alleged the same conspiracy as that charged in the previously dismissed trial information was the same offense for speedy trial purposes. *Id.* at 239. We therefore reversed Moritz's conviction on the refiled conspiracy charge, but we affirmed his conviction on the other charge.

_____

that it required a trial within sixty days of the filing of an indictment or trial information rather than ninety days.

The *Moritz* analysis is neither controlling nor instructive in this case. Unlike Abrahamson, the appellant in *Moritz* did not claim the two charges (accepting an award for public duty, and engaging in a conspiracy to do so) based on statutes in different code chapters were alternative means of committing the same offense. Thus we had no occasion in that case to consider whether the conspiracy charge and the "accepting an award for public duty" charge were the same offense for purposes of the speedy trial rule. Indeed, the conspiracy charge in that case was filed under the separate conspiracy statute[5] that appeared in a different code chapter than the other offense with which Moritz was charged. In sharp contrast, Abrahamson was charged with both manufacturing a controlled substance and conspiracy to commit that crime under a single statute, Iowa Code section 124.401(1). The legislature's prohibition of drug conspiracies and other drug trafficking offenses in that single code section led us in *Williams* to conclude one commits a single criminal offense by manufacturing a controlled substance and engaging in a conspiracy to manufacture that same substance. *Williams*, 305 N.W.2d at 431. We reaffirmed this conclusion in *State v. Maghee*, 573 N.W.2d 1, 7 (Iowa 1997) (holding that as conspiracy is an alternative means of violating section 124.401(1), defendant could not be sentenced for both conspiracy and possession of illegal substance with intent to deliver).

As the State correctly notes, our decision in *Williams* did not address whether manufacturing and conspiracy counts arising from a common set of facts, and charged under section 124.401(1), are one offense for purposes of determining whether a dismissal with prejudice of one of them under rule 2.33 bars the refiling of both of them. We now answer that question in the

---

[5]The defendant in *Moritz* was charged with conspiracy under Iowa Code chapter 719. That statute has since been renumbered and now appears in chapter 706.

affirmative. We find unpersuasive the State's contention that manufacturing and conspiracy should be viewed as one offense in furtherance of the State's interest in amending an information, but be viewed as separate offenses when defendants seek to enforce their right to a speedy trial.

The State contends our decision in *State v. Lies*, 566 N.W.2d 507 (Iowa 1997), should lead us to a different conclusion. In that case, the defendant was initially arrested and a complaint was filed against him charging burglary in the second degree. 566 N.W.2d at 507. Fifty-five days later, the State filed an information charging the defendant with conspiracy to commit a burglary. The defendant filed a motion under the speedy indictment rule, contending the information must be dismissed because he was not indicted within forty-five days after his arrest. *See* Iowa R. Crim. P. 2.33(2)(*a*) (requiring, in the absence of good cause, dismissal of a charge if defendant is not indicted within forty-five days after arrest). A jury acquitted the defendant on the burglary charge, but convicted him on the conspiracy charge. We concluded on appellate review the defendant's right to a speedy indictment was not violated because conspiracy to commit burglary was not the same offense as the burglary for which the defendant was arrested. We noted the defendant was charged with conspiracy under Iowa Code section 706.1; and that Iowa Code section 706.4 expressly provides "[a] conspiracy to commit a public offense is an offense separate and distinct from any public offense which might be committed pursuant to such conspiracy." As we have noted, Abrahamson was not charged with conspiracy under chapter 706. He was instead charged under section 124.401(1) which identifies conspiracy as one of several alternative means

of committing the offense of drug trafficking. Thus, the rule announced in *Lies* is not dispositive here.

The State also relies on our decision in *State v. Fintel*, 689 N.W.2d 95 (Iowa 2004), in support of its assertion that conspiracy and manufacturing should be viewed as separate offenses under section 124.401(1) for speedy trial purposes. Fintel was charged with both conspiracy to manufacture methamphetamine and manufacturing methamphetamine. 689 N.W.2d at 100–01. A jury found Fintel not guilty of manufacturing a controlled substance, but guilty of conspiracy to manufacture. We rejected on appeal Fintel's assertion that these verdicts were fatally inconsistent, reasoning that conspiracy and manufacturing are alternative means of committing a single offense under the drug trafficking statute. It was consequently possible that Fintel could be acquitted of manufacturing a controlled substance, but be convicted on the conspiracy alternative which required no proof of completed manufacture, and we therefore upheld Fintel's conviction. *Id.* Our decision today is consistent with our reasoning in *Fintel*, because it reaffirms the proposition that manufacturing and conspiracy are alternative means of committing a single offense under section 124.401(1).[6]

Under the interpretation favored by the State, all of the "alternatives" listed in section 124.401(1)—a total of at least thirty-six—would constitute separate crimes because they would require proof of different elements. As

---

[6]Although our holding in this case is consistent with the fundamental principle that section 124.401 defines one offense, drug trafficking, and enumerates numerous alternative means of committing it, it should be noted that *Fintel* does not control our disposition in this case. There was no speedy trial violation in *Fintel*, a case in which both manufacturing and conspiracy alternatives were submitted to the jury. *Fintel*, 689 N.W.2d at 100. In sharp contrast, the conspiracy charge against Abrahamson was dismissed with prejudice as a consequence of a speedy trial violation before the manufacturing charge was submitted to the jury.

the alternatives would no longer be considered the "same offense," the *Williams* merger rule would not apply, and a defendant could therefore be charged with, convicted of, and sentenced for, multiple violations of section 124.401(1). Our contrary interpretation of the statute as a measure enumerating alternative means of committing the singular offense of drug trafficking has been extant for more than twenty-five years. The legislature's failure to amend the statute to enumerate multiple offenses suggests our understanding of the statute comports with the intent of the drafters. *See Iowa Dep't of Transp. v. Soward,* 650 N.W.2d 569, 574 (Iowa 2002) (legislature's failure to "correct" this court's interpretation of a statute is entitled to considerable weight).

We have yet another concern about the consequences of the interpretation of section 124.401(1) advanced by the State. It would permit, if not encourage, the piecemeal prosecution of drug trafficking charges as a means of avoidance of the time-honored constraints of our speedy trial rule. For example, under the State's interpretation, the dismissal of the conspiracy charge as a penalty for violation of Abrahamson's right to a speedy trial would be of insubstantial consequence to the State because the manufacturing charge would stand in ready reserve to be charged as a separate offense.[7] Such an interpretation would undermine the salutary purposes of the speedy trial rule. *See Johnson,* 217 N.W.2d at 612 (noting the remedy afforded by a dismissal with prejudice for violation of the speedy trial rule assures that the rule will not be rendered meaningless).

---

[7]Given the large number of discrete offenses defined in section 124.401(1) under the State's interpretation, it is conceivable that the State could, as a matter of strategy, file an information but hold in reserve several alternative offenses in cases involving alleged manufacturing, possession and delivery of controlled substances. In drug trafficking cases involving multiple individuals, the potential array of such offenses available "in reserve" would of course be even greater under the State's interpretation of the rule, as a conspiracy offense might have been committed in such cases.

Accordingly, the court of appeals correctly concluded Abrahamson's manufacturing conviction must be reversed.

## IV. Conclusion.

Abrahamson was charged with alternative means of violating section 124.401(1): manufacturing methamphetamine and conspiracy to manufacture the same substance. The conspiracy charge was dismissed with prejudice as a consequence of a violation of Abrahamson's right to a speedy trial. Because the manufacturing charge alleged the same offense—a violation of section 124.401(1) arising from the same facts—it, too, must be dismissed.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED.**

All justices concur except Streit, J., who takes no part.