# IN THE COURT OF APPEALS OF IOWA

No. 16-0875
Filed May 2, 2018

**ROBERT LEE PATE JR.,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Polk County, David N. May, Judge.


　　　　Robert Pate Jr. appeals the denial of his postconviction relief application.

**AFFIRMED.**



　　　　Nathan A. Olson and Christine E. Branstad of Branstad Law, P.L.L.C., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.



　　　　Heard by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Robert Pate Jr. appeals the denial of his postconviction relief application.

## I.  Background Proceedings

Des Moines police officers obtained a search warrant based on information provided by a confidential informant.  They executed the warrant on an apartment and found Pate and a woman inside with eighty-one grams of crack cocaine, as well as cocaine salt, marijuana, and a large amount of cash.

The State filed criminal complaints against Pate but dismissed them without prejudice based on the United States government's expected pursuit of charges.  The United States filed a federal indictment against Pate for possessing at least fifty grams of cocaine with intent to deliver.  The government later dismissed the indictment after a federal magistrate judge ordered the government to produce to the court materials relating to the confidential informant.

The State refiled the criminal complaints following the federal dismissal.  Pate moved to have the identity of the confidential informant disclosed.  He also filed a motion to suppress evidence, asserting a Des Moines police officer "made false statements in the application for a search warrant."  Specifically, he alleged the confidential informant identified in the application "either did not exist or did not make purchases from the apartment" in which Pate was found.

The district court denied the motion to have the informant disclosed.  Pate withdrew his motion to suppress and agreed to a stipulated trial on the minutes of evidence.  The district court adjudged Pate guilty of possession of a controlled substance with intent to deliver as a second or subsequent offender.

The court of appeals affirmed Pate's conviction. *See State v. Pate*, No. 11-0971, 2012 WL 3860450, at *1 (Iowa Ct. App. Sept. 6, 2012). We rejected a challenge to the lengthy delay between the dismissal of original charges against Pate and the refiling of charges. *Id.* at *3-4. We also concluded the district court did not err in denying Pate's request to disclose the identity of the confidential informant. *Id.* at *5-6.[1]

Pate filed a postconviction relief application raising several claims. Following an evidentiary hearing, the district court denied the claims and dismissed the application. On appeal, Pate argues the district court erred in (1) denying his ineffective-assistance-of-counsel claims, (2) limiting discovery in the postconviction relief proceedings, and (3) concluding he did not establish pre-accusatorial delay.

## II.    *Ineffective Assistance Claims*

To prove ineffective assistance of counsel, Pate had to show (1) deficient performance (2) and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first element requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The second element requires a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* On the second prong, "[t]he defendant must show that there is a

---

[1] *See also State v. Pate*, No. 13-0482, 2014 WL 3747698, at *1 (Iowa Ct. App. July 30, 2014) (addressing the denial of Pate's request for credit for presentence time served on his fifty-year sentence).

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Dismissal

Iowa Rule of Criminal Procedure 2.33(1) authorizes the dismissal of pending charges "in the furtherance of justice." *See* Iowa R. Crim. P. 2.33(1). The dismissal "is not a bar if the offense charged" is "a felony or an aggravated misdemeanor." *Id.* "[I]n order to obtain a valid dismissal in the interests of justice (and the resulting benefit of a dismissal without prejudice), the State must provide appropriate and sufficient reasons for the dismissal." *State v. Abrahamson*, 746 N.W.2d 270, 273 (Iowa 2008).

Pate contends his trial and appellate attorneys were ineffective in failing to "research or recognize that [he] deserved a hearing on the motion to dismiss" and in failing to argue "that dismissal should have been with prejudice."

As noted, we addressed the State's dismissal of the charges in our prior opinion and we specifically addressed the State's proffered reason for dismissal and whether it was "in the furtherance of justice." *See Pate*, 2012 WL 3860450, at *3-5. We concluded the "federal government's intent to prosecute Pate for the same conduct" was an adequate reason "in the furtherance of justice." *Id.* at *4-5. In light of our conclusion, we agree with the postconviction court that there was no probability of a different outcome even if a hearing had been fixed on the dismissal motion and counsel had argued for dismissal with prejudice.

### B. Confidential Informant

Pate asserts his trial attorney was ineffective in failing to advocate more forcefully for disclosure of the confidential informant. He contends (1) his attorney

should have made "an offer of proof to the court to support the request to disclose the confidential informant or to support the request to excise false information from the search warrant application" and (2) his attorney should have cited the correct "legal standard on" his "burden of proof to force disclosure of the confidential informant."

The background for the contention that an offer of proof should have been made is as follows. At a hearing on the motion for disclosure of the confidential informant, Pate's attorney advised the court Pate did not believe there was a confidential informant. The attorney did not put Pate on the stand to elaborate on this belief. The question is whether she should have done so.

The burden is on a defendant "to demonstrate the necessity of disclosure of the identity of an informant." *State v. Hoskins*, 711 N.W.2d 720, 730 (Iowa 2006).

> [I]n the context of a motion to suppress evidence found in a search conducted pursuant to a warrant, there is a much greater burden on the defendant to compel disclosure after the magistrate has passed on the veracity of the informant than a suppression hearing based on a warrantless search and seizure.

*Id.* "When the question of an informant's credibility arises in a motion to suppress evidence obtained from a search pursuant to a warrant, and a judicial officer has passed on veracity and probable cause, the defendant's interests in disclosure are less compelling." *State v. Robertson*, 494 N.W.2d 718, 723 (Iowa 1993).

At the postconviction relief hearing, Pate testified police fabricated the existence of a confidential informant to cover up the fact they barged into the wrong apartment. On realizing their error, Pate asserted, police doctored the search-

warrant application to specify that a confidential informant made drug buys at the apartment they raided rather than the one originally identified in the application.

An offer of proof along the lines of Pate's postconviction relief testimony may have been helpful at the hearing on the motion to disclose the identity of the confidential informant. An offer would have supplemented counsel's representation that there was no confidential informant. But even if Pate's attorney had put Pate on the stand, there is no reasonable probability his testimony would have resulted in disclosure of the confidential informant.

First, the district court judge who issued the search warrant found the confidential informant reliable. *See id.* at 724. Second, the information given by the confidential informant was corroborated by police officers and "was consistent with the evidence actually seized pursuant to the warrant." *See id.* Finally, Pate's assertion that the apartment number in the search warrant application was intentionally altered lacked direct evidentiary support. *See id.* at 725; *see also Pate*, 2012 WL 3860450, at *6 n.7 ("Pate notes that after the magistrate signed the warrant, officers realized they listed the subject apartment as apartment 4 rather than apartment 3, and made the change to the warrant. The inaccuracy appears to have been an insubstantial oversight or typographical error. Claims of innocent or negligent mistakes are insufficient to mandate an evidentiary hearing."); *cf. State v. Partington*, No. 01-0164, 2002 WL 1331864, at *5 (Iowa Ct. App. June 19, 2002) (noting the defendant presented the sworn testimony of two individuals and deposition testimony of law enforcement officers together with counsel's professional statement to support the defendant's assertion that there was no confidential informant). We conclude counsel was not ineffective in failing to make

an offer of proof of Pate's testimony on the claimed falsity of the search warrant application.

Pate also suggests his attorney should have offered the federal public defender's testimony, to explain how he succeeded in obtaining dismissal of the federal proceeding. We do not necessarily agree she needed to call a federal witness to testify about the federal proceeding. But she may have helped her case by introducing the materials from the federal investigation that were offered at the postconviction relief hearing, including emails between Pate's federal public defender and his investigator detailing possible weaknesses in the warrant application and materials documenting the federal defense theory, which was premised on Pate's belief that a person identified as O.C. was the confidential informant. However, even if she had done so, there is no reasonable probability of a different outcome because the State prosecutor advised the court that O.C. was not the confidential informant.

Finally, Pate contends his attorney misstated the burden of proof. In his view, he simply needed to present "some quantum of evidence" to support his claim of falsity in the search warrant application, whereas his attorney stated she would have to present proof by "a preponderance of the evidence."

Counsel correctly articulated the established standard for voiding a search warrant application, which requires proof by "a preponderance of the evidence." *Robertson*, 494 N.W.2d at 724 (quoting *Franks. v. Delaware*, 438 U.S. 154, 155-56 (1978)). True, *Robertson* also states "some quantum of evidence of possible police perjury must be shown before disclosure can be required." *Id.* But the federal standard to obtain a hearing on the falsity of a search-warrant application

is "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and "the allegedly false statement is necessary to the finding of probable cause." *Id.* (quoting *Franks*, 438 U.S. at 155-56). Whether characterized as "some quantum" of evidence or otherwise, this is a high bar. We conclude Pate's attorney was not remiss in failing to advise the court she only needed to present some quantum of evidence to obtain a hearing.

We affirm the district court's denial of Pate's ineffective-assistance-of-counsel claim premised on disclosure of the confidential informant.

### C.     Favorable Information in Officer's Personnel File

Pate contends his trial attorney was ineffective in failing to obtain favorable information from an officer's personnel file. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); *Giglio v. United States*, 405 U.S. 150, 154 (1972) ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within [the *Brady*] rule." (internal quotation omitted)). This claim fails because counsel obtained the identical information from another source and cited it in support of the motion to suppress. We conclude counsel breached no essential duty in her conduct with respect to information in the personnel file.

### D.     Ineffective Assistance – Postconviction Counsel

Pate contends his postconviction attorney was ineffective in (1) "failing to assert or investigate [postconviction relief] claims regarding prosecutorial

misconduct for failure to disclose *Brady* and *Giglio* information," (2) "failing to use the civil discovery rules to pursue information from [the Des Moines police officer's] file," and (3) "failing to ensure that the district court provided a ruling on all post-conviction claims asserted by Pate." He argues these instances of ineffective assistance "warrant[] a limited remand pursuant to Iowa Rule of Appellate Procedure 6.1004."

Having found trial counsel performed effectively with respect to the first two issues, we conclude postconviction counsel could not have been ineffective in failing to raise those claims. As for the third issue, Pate argues his postconviction attorney failed to ensure the postconviction court ruled on a sentencing claim he raised during the hearing. Specifically, he asserted his trial attorney was ineffective in representing he could not receive a sentence of less than fifty years. He faults her "failure to know the minimum sentence" and her "error in incorrectly instructing the court on the minimum sentence" and seeks a limited remand to allow the court to rule on this issue.

"[I]neffective-assistance-of-counsel claims based on failure to preserve error are not to be reviewed on the basis of whether the claimed error would have required reversal if it had been preserved at trial. Rather, a defendant must demonstrate a breach of an essential duty and prejudice." *State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008) (internal citation omitted).

The sentencing transcript contains the following statements bearing on the issue. The prosecutor stated, "The minimum sentence for this level of offense would be the 50-year sentence and the possibility of a suspended sentence and probation or a deferred judgment if he were eligible." In light of Pate's stipulation

to being a second or subsequent offender, the prosecutor informed the court the sentence could be tripled "to 150 years." *See* Iowa Code § 124.411 (2011) (permitting a term of imprisonment for "a second or subsequent offense" of up to three times the term otherwise authorized). Pate's attorney did not disagree with the prosecutor's summary of the minimum sentence. She requested "a 50-year suspended sentence with probation" on behalf of Pate. The district court imposed a prison term "for a period not to exceed 50 years" for a "Class 'B' Felony subject to enhancement as a second or subsequent offender."

The basis for arriving at the prison sentence was clear in the record. Accordingly, trial counsel breached no essential duty in articulating the sentence and postconviction counsel breached no essential duty in failing to address the matter.

### III. *Limitation of Discovery*

After Pate filed his postconviction relief application, the State moved to limit discovery. The State alleged Pate wished to depose police officers "who were involved with the underlying criminal charges" and "these individuals possess[ed] no information related to the performance of underlying criminal counsel." The State also pointed out that certain claims were resolved on direct appeal and discovery as to those claims would be unnecessary.

Pate responded by filing a notice of depositions, which listed six Des Moines police officers. He also asked to depose an assistant county attorney and the State public defender. The district court granted the State's motion to limit discovery, reasoning "the proposed depositions of the police officers and Assistant Polk County [Attorney] are not calculated to lead to admissible evidence."

On appeal, Pate argues (1) his "PCR claims included claims of ineffective assistance of trial counsel," (2) "[s]howing that trial counsel failed to effectively address any of the underlying issues may be part of that claim," and, (3) accordingly, "previously decided issues are open to additional discovery."

As discussed, we are unpersuaded by Pate's ineffective assistance claims that Pate now claims were the reason for seeking additional discovery. But, giving Pate the benefit of the doubt, we have asked ourselves whether additional discovery would have advanced any of his claims. The only conceivable benefit we can glean from allowing depositions to go forward is the possible extraction of an admission from the officers that they altered the search-warrant application. If this was Pate's goal, we have no trouble concluding his wide-ranging deposition notice would have amounted to a "fishing expedition." *See Robertson,* 494 N.W.2d at 724. We conclude the district court did not abuse its discretion in limiting discovery.

## IV. *Preaccusatorial Delay*

The State waited 501 days after the dismissal of Pate's federal charges to refile the State criminal complaints. Pate argues his "due process rights under the Iowa and U.S. Constitutions were violated by [the] delay in prosecuting" him.

> Although "[t]here is no constitutional right to be arrested and charged at the precise moment probable cause comes into existence," the government cannot delay "filing charges to intentionally 'gain [a] tactical advantage over the accused'" without implicating the Due Process Clause. To prevail on a claim that such a delay violated due process, a defendant has a heavy burden of proving both (1) the defendant's defense suffered *actual* prejudice due to a delay in prosecution and (2) the delay causing such prejudice was unreasonable. "To establish actual prejudice a defendant must show loss of evidence or testimony has meaningfully impaired his ability to present a defense." Generalized claims of prejudice, such as "loss

of memory, loss of witnesses, or loss of evidence" do not constitute actual prejudice.

*State v. Brown*, 656 N.W.2d 355, 363 (Iowa 2003) (internal citations omitted).

As a preliminary matter, the State argues we addressed the delay on direct appeal and Pate is foreclosed from re-litigating the issue. *See Pate,* 2012 WL 3860450, at *3-5. Because Pate formulated the issue slightly differently in his postconviction relief application, we will address the claim.

Pate asserts he suffered prejudice by virtue of the delay in prosecution because the "actual search warrant" presented to him at the time of the search was lost and, without the search warrant, he "was unable to show that the entry into his apartment was illegal." But, if there was another search warrant and if it was lost, the loss had nothing to do with the State's delay in refiling the criminal complaints.

Pate raised the identical claim in 2008, long before the State refiled its charges. The federal public defender investigated the assertion and obtained clarification from the State clerk of court of the procedure with respect to search warrants, including the warrants in this case. In short, the existence or non-existence of another warrant was thoroughly vetted in the federal proceeding and could not form the basis for a finding of actual prejudice from the State's delay of the State criminal prosecution.

We affirm the district court's denial of Pate's postconviction relief application.

**AFFIRMED.**