# IN THE COURT OF APPEALS OF IOWA

No. 21-0421
Filed April 27, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL EDWARDS JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer,

Judge.


        The defendant appeals his sentence and conviction for fourth-degree theft.

**AFFIRMED.**



        Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for

appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.



        Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Michael Johnson pled guilty to fourth-degree theft, a serious misdemeanor. *See* Iowa Code § 714.2(4) (2019).  On appeal, he challenges his conviction and his sentence, relying on Iowa Rule of Criminal Procedure 2.33(1) and the principles of double jeopardy.

**I. Background Facts and Proceedings.**

On December 13, 2019, Michael Johnson was charged with first-degree theft (count I), third-degree theft (count II), and fourth-degree theft (count III) in FECR018114.  As to count III, it was alleged Johnson wrote a check for fuel to a local truck stop in the amount of $393.23 that he knew would not be honored.

Johnson was also charged with fourth-degree theft in SRCR018115.  The charge stemmed from the same factual circumstances as the fourth-degree-charge in FECR018114—put more simply, it was duplicative.[1]

The State and Johnson later filed a plea agreement, which stated Johnson would plead guilty to counts I and III in FECR018114 and the State would then move to dismiss case SRCR018115 and count II in FECR018144.  Sentencing

---

[1] Johnson's appeal is from case FECR018114, and he did not ask the district court to take judicial note of the record from case SRCR018115, so that case file is not part of the record before us on appeal.  Johnson wrongly included the complaint from that case in his appendix on appeal.  *See* Iowa R. App. P. 6.801 ("Only the original documents and exhibits filed *in the district court case from which the appeal is taken*, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal." (emphasis added)).  We do not consider it.

But at the resentencing hearing, the court characterized the two fourth-degree-theft charges as "the exact same charge under the exact same factual circumstances."  In his appellate brief, Johnson explains the fourth-degree-theft charge in each case was "for the exact same incident."  And the State does not dispute that the two charges were identical.

was left to the court's discretion, and the State was free to argue for any sentence permitted by law.

A joint guilty-plea and sentencing hearing took place on March 8, 2021. After Johnson entered his guilty pleas, the court imposed a term not to exceed ten years for first-degree theft, suspended that sentence, and placed Johnson on probation for three years. On the fourth-degree-theft conviction, the court sentenced Johnson to 180 days in jail; it did not suspend this sentence. The court ordered the two sentences to run consecutively. Pursuant to the plea agreement, the court dismissed count II of FECR018144 and case SRCR018115.

The next day, Johnson filed a motion to correct an illegal sentence. Relying on Iowa Code section 901.8, he argued the court could not "simultaneously suspend a sentence and impose a term of incarceration." He asked the court to suspend the jail term it ordered him to serve for his fourth-degree-theft conviction as well as the ten-year sentence.

The court set Johnson's motion for hearing, at which it announced it would

grant the motion to correct illegal sentence in the sense that the Court is going to issue an amended sentencing order correcting what it considers to be an illegal sentence as raised by defense counsel. However, in so granting the motion, the Court does not grant the defendant the relief that he's pleading for here, which is to suspend the entire 11-year term. The Court's intention is to issue an amended sentencing order that amends the consecutive/concurrent language to state that the sentences are imposed concurrently rather than consecutively . . . .

The court indicated it believed it needed to hold a resentencing hearing and asked Johnson if he would like to be resentenced then or if he would rather wait. Johnson asked if he could choose to wait fifteen days, be released from custody in the

meantime, and then return to be resentenced. In considering the options, the court stated:

> The Court is going to find that procedurally, given the Court's granting of the motion to correct an illegal sentence, we are procedurally back at the point where the Court has accepted the defendant's plea. That, of course, has not changed—pleas, plural, I should say. That, of course, has not changed. At that point where the defendant stands procedurally is whether he wishes to proceed to sentencing now or whether he wishes to wait 15 days before sentencing. I believe we are at that procedural point now. The question is whether the defendant is bondable or whether the defendant's bond is revoked as suggested by [the prosecutor], which the Court acknowledges as an oral motion to revoke bond at this time.

The court concluded Johnson was eligible for release pending resentencing, and Johnson elected to wait to be resentenced.

The court issued a written ruling, finding the initial sentence it imposed was illegal.[2] The court stated it was rescinding the judgment and sentence it filed on March 8 and scheduled a new hearing for resentencing.

On March 26, Johnson filed "motion to dismiss count III." He asserted, "Based on the Court's outright dismissal of SRCR018115, the State is precluded from prosecuting the Defendant and obtaining a sentence against him in Count III of FECR0018114." He relied on Iowa Rule of Criminal Procedure 2.33(1), which states,

> The court . . . in the furtherance of justice, may order the dismissal of any pending criminal prosecution . . . . Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious

---

[2] We are not asked to review this ruling on appeal, but we note it is at odds with *State v. Millsap*, 704 N.W.2d 426, 434 (Iowa 2005), which holds that "a sentencing court has the option of sentencing a defendant to confinement on one charge and imposing a consecutive, but suspended, sentence on another charge. While this may be an unusual procedure, section 901.8 does not prevent it."

misdemeanor; but it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

Additionally, he claimed, "Said prosecution is prohibited by rule and double jeopardy grounds as set forth in the Fifth Amendment to the U.S. Constitution and article I, section 12 of the Iowa Constitution."

Resentencing was scheduled to take place later the same day. At the hearing, the court first took up the motion to dismiss and denied it, stating:

> I'm prepared to rule on the motion and deny it. . . . I understand that the case of SRCR018115 was, in fact, dismissed by the Court and that it does reflect the exact same charge under the exact same factual circumstances alleged as Count 3 of FECR018114. . . .
>
> But the Court finds, first of all, that the dismissal of SRCR018115 was done after the defendant had already entered a plea of guilty to Count 3 in FECR018114, and the Court had accepted that plea of guilty. That dismissal was performed pursuant to the plea agreement of the parties and the sentence of the Court that Defendant was being sentenced after having pled guilty to Count 3 in FECR018114. The Court would also note that when the Court rescinded the judgment and sentence entered March 8, 2021, that the entire order was rescinded, which would include that dismissal.
>
> I understand, [defense counsel], that you probably have a legal argument that that can't be done once it's dismissed, but the point is that that entire judgment and sentence of March 8 was rescinded in order to correct an illegal sentence pursuant to Defendant's motion, and the Court finds that where this case stands procedurally—as it found in its ruling of March 10, 2021, the Court finds as a matter of law that where this case stands procedurally as we sit here now is that Defendant's plea of guilty has been accepted in Counts 1 and 3 of FECR018114, and we are prepared to proceed to a sentencing hearing as if one had never happened.
>
> And I would note for the record as well, as an aside, that— although the Court—in the hearing on the motion to correct illegal sentence and in the ruling thereon, the Court did state its general opinions on what its frame of mind was, what the Court intended in fashioning the sentence that turned out to be illegal, but I want to make clear here on the record that, as far as the Court is concerned, we are here for a fresh sentencing hearing. The Court has not determined what sentence it's going to impose. Both sides are able to submit whatever evidence or argument they wish to submit regarding the sentence, and that will be reconsidered—will be considered anew.

For all of those reasons, the Court does not find double jeopardy in this situation and does not find that Defendant—having pled guilty to an offense and that plea being accepted by the Court and then a similar or even the same offense in a different count or a different case being dismissed pursuant to that plea, does not find that the defendant stand in double jeopardy. So I'm going to deny that motion.

After receiving arguments from the State and Johnson about what sentence to impose, the court resentenced Johnson, ordering him to serve a ten-year sentence, which the court suspended, for count I and 180 days in jail for count III. The court ordered Johnson to serve the two sentences concurrently.

Johnson appeals.[3]

## II. Discussion.

### A. Good Cause.

To begin, neither Johnson nor the State address whether Johnson has good cause to bring this appeal. *See* Iowa Code § 814.6(1)(a)(3) (2021) (disallowing an appeal following a guilty plea to a crime other than a class "A" felony "or in the case where the defendant establishes good cause"). Johnson has good cause to challenge his sentence. *See State v. Davis*, ___ N.W.2d ___, ___, 2022 WL 815303, at *6 (Iowa 2022) ("We have held 'that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.'" (citation omitted)). But does he have good cause to challenge his conviction?

---

[3] Johnson only challenges his conviction and sentence for fourth-degree theft (count III). He does not raise a challenge related to the first-degree-theft conviction (count I).

While Johnson pled guilty to fourth-degree theft, he filed a motion to dismiss the charge after his guilty plea, on which the district court heard arguments and ruled. It is that ruling Johnson challenges on appeal. If we find the district court wrongly ruled on Johnson's motion to dismiss, we could provide relief. So we conclude Johnson has good cause to challenge his conviction under these facts. *See State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022) ("Generally speaking, a defendant asserts a legally sufficient reason and establishes good cause to appeal as a matter of right by asserting a claim on appeal for which an appellate court potentially could provide relief. . . . On direct appeal from a guilty plea, Iowa's appellate courts could potentially provide relief where the defendant preserved error for appeal or where the defendant need not preserve error for appeal.").

**B. Rule 2.33(1).**

Iowa Rule of Criminal Procedure 2.33(1) states:

The court . . . may order the dismissal of any pending criminal prosecution, the reasons therefor being stated in the order and entered of record, and no such prosecution shall be discontinued or abandoned in any other manner. *Such a dismissal is a bar to another prosecution for the same offense* if it is a simple or serious misdemeanor; but it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

(Emphasis added.)

After the court granted his motion to correct an illegal sentence and rescinded its judgment and sentence, Johnson moved to dismiss count III, relying on rule 2.33(1). He asserted that once the court dismissed the fourth-degree theft charge in SRCR018115 and rescinded the judgment convicting him of fourth-degree theft in FECR018114, rule 2.33(1) "operate[d] as a bar to further prosecution of the matter dismissed." Without explanation or legal authority to

support his claim, Johnson makes the leap that the rule barring the State from "another prosecution" necessarily divested the district court of authority to enter judgment against him for a charge to which he already entered a valid guilty plea.[4]

But contrary to Johnson's assertion that the rule somehow impacted the court's authority to act, rule 2.33(1) prevents the State from refiling or reinstating a charge against the defendant after the simple or serious misdemeanor has been dismissed. *See State v. Abramsom*, 746 N.W.2d 270, 275–76 (Iowa 2008) (considering whether the application of rule 2.33 "bar[red] the refiling" of certain charges). The purpose of the rule is to prevent the State from getting around the speedy-trial rule by dismissing charges only to reinstate them later. *See id.* at 273 ("Under rule 2.33(1), after a dismissal in the furtherance of justice, the same felony or aggravated misdemeanor charges may be refiled. However, in order to obtain a valid dismissal in the interests of justice (and the resulting benefit of a dismissal without prejudice), the State must provide appropriate and sufficient reasons for the dismissal. [In contrast, a] dismissal for failure to provide a speedy trial is an 'absolute dismissal, a discharge with prejudice, prohibiting reinstatement or refiling of an information or indictment charging the same offense.'" (citations omitted)).

Those are not the facts here. Not only was the speedy-trial deadline not an issue, the State never refiled any charges in this case. It did not initiate another prosecution for the same offense after SRCR018115 was dismissed. At the time the court dismissed the fourth-degree-theft charge in SRCR018115, Johnson had already pled guilty to fourth-degree theft in FECR018114. The court's rescission

---

[4] At no time—neither before the district court nor here on appeal—has Johnson challenged the validity of his guilty plea.

of the judgment entered against Johnson in FECR018114 affected his conviction. *See Schmidt v. State*, 909 N.W.2d 778, 785 (Iowa 2018) (noting that "conviction," when "used in its technical legal sense . . . requires a formal adjudication by the court and the formal entry of a judgment of conviction" (citation omitted)). But it did not impact the fourth-degree theft *charge* in FECR018114 (or Johnson's admission of guilt to it).

Rule 2.33(1) is inapplicable to these facts; it did not bar the court from entering judgment following Johnson's guilty plea to fourth-degree theft in FECR018114.

**C. Double Jeopardy.**

Next, Johnson argues the principles of double jeopardy require us to reverse his conviction and sentence. "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment, protects defendants from prosecution for the same offense after conviction or acquittal, and against multiple punishments for the same offense." *State v. Burgess*, 639 N.W.2d 564, 568 (Iowa 2001).

Johnson argues the court's dismissal of the fourth-degree-theft charge in SRCR018115 "was the functional equivalent of a court acquittal on that charge"; so, as he maintains, the principles of double jeopardy prohibit him from being convicted and sentenced for the fourth-degree theft charge in FECR018114.

We disagree with Johnson's premise. The court's dismissal of the duplicate charge in SRCR018115, filed in the same order as Johnson was adjudged guilty of the crime in FECR018114, is not akin to an acquittal. And, insofar as Johnson challenges the fact he was sentenced twice for fourth-degree theft in

FECR018114, "resentencing to correct an illegal sentence does not implicate double jeopardy rights." *United States v. Denson*, 603 F.2d 1143, 1148 (5th Cir. 1979); *see also Bozza v. United States*, 330 U.S. 160, 166–67 (1947) ("[A]n excessive sentence should be corrected, even though the prisoner had already served part of his term, not by absolute discharge of the prisoner, but by an appropriate amendment of the invalid sentence by the court of original jurisdiction, at least during the term of court in which the invalid sentence was imposed. In the light of these cases, the fact that petitioner has been twice before the judge for sentencing and in a federal place of detention during the five hour interim cannot be said to constitute double jeopardy as we have heretofore considered it." (footnote omitted) (internal citation omitted)).

**III. Conclusion.**

Johnson has good cause to challenge his conviction and sentence following the district court's denial of his motion to dismiss. But we agree with the district court that dismissal was not necessary under either Iowa Rule of Criminal Procedure 2.33(1) or the principles of double jeopardy. We affirm.

**AFFIRMED.**