# IN THE COURT OF APPEALS OF IOWA

No. 23-0819
Filed January 24, 2024

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**SARAH RAE BERG,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, William Patrick Wegman, District Associate Judge.

Sarah Rae Berg appeals her conviction for unauthorized use of a credit card. **AFFIRMED.**

Jessica Maffitt of Benzoni & Maffitt Law Office, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Sarah Rae Berg appeals her conviction for unauthorized use of a credit card, challenging the denial of her motion to dismiss and the sufficiency of the evidence. Upon our review, we affirm Berg's conviction because there was no violation of the speedy-indictment right and there is sufficient supporting evidence.

## I. Background Facts and Proceedings.

While employed at Casey's General Store (Casey's), Berg was caught stealing three gift cards: a Casey's card worth $75, a Visa card worth $200, and an Amazon card worth $425. Berg's manager reported her to the Evansdale Police Department. When questioned, Berg admitted to taking the gift cards. She also provided a written statement confessing that she used one or more of the cards to purchase merchandise. As a result, the State filed a criminal complaint charging Berg with fourth-degree theft. She made her initial appearance on August 9, 2022.

In early October, Berg moved to dismiss for lack of speedy indictment, claiming the trial information should have been filed by September 23. The State then filed trial information charging Berg with unauthorized use of a credit card. After a hearing, the district court denied Berg's motion, concluding that she did not meet her burden. Berg waived her right to a jury trial and agreed to a trial on the minutes of testimony. The court found Berg guilty of unauthorized use of a credit card, and she appealed.

## II. Review.

We review decisions regarding both sufficiency-of-the-evidence claims and the speedy-indictment rule for errors at law. *See State v. Williams*, 895 N.W.2d 856, 860 (Iowa 2017); *see also State v. Crawford*, 972 N.W.2d 189, 202 (Iowa

2022). "We are bound by the findings of fact of the district court if they are supported by substantial evidence." *Williams*, 895 N.W.2d at 860 (citation omitted). In determining whether the findings are supported by substantial evidence, "we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Crawford*, 972 N.W.2d at 202 (citation omitted).

## III. Discussion.

On appeal, Berg raises two challenges. She argues that her right to a speedy indictment was violated and there was insufficient evidence to support the conviction. We review each argument independently.

*A. Right to Speedy Indictment.*

Berg first argues the district court should have dismissed the case because the State violated her right to a speedy indictment. She claims the speedy-indictment clock was triggered by her initial appearance on August 9. *See Williams*, 895 N.W.2d at 867 ("The rule is triggered from the time a person is taken into custody, but only when the arrest is completed by taking the person before a magistrate for an initial appearance."). Because no trial information was filed within forty-five days of that date, she argues her motion to dismiss should have been granted. *See* Iowa Code § 2.33(2)(a) (2022) ("When an adult is arrested for the commission of a public offense . . . , and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed . . . ."). In its counterargument, the State contends this rule does not bar separate but related charges and the unauthorized use of a credit card was a

different charge than the fourth-degree-theft charge in the initial criminal complaint. *See State v. Leachman*, No. 18-1826, 2020 WL 5651282, at *2 (Iowa Ct. App. Sep. 23, 2020) ("The speedy indictment rule does not extend to 'any new charges brought more than forty-five days after an arrest for a different offense, even though the new charges arose from the same incident.'" (citations omitted)). But Berg contests this, arguing that the facts to prove both charges are substantially the same; therefore, she concludes the unauthorized use of a credit card and theft charges are the "same offense" for purposes of a speedy indictment. *See State v. Abrahamson*, 746 N.W.2d 270, 275 (Iowa 2008) (describing the "same offense" test as "focus[ing] on whether the two offenses are in substance the same, or of the same nature, or same species, so that the evidence which proves one would prove the other" (cleaned up)). When one incident results in multiple charges, this does not necessarily implicate the right to a speedy indictment. *State v. Dennison*, 571 N.W.2d 492, 497 (Iowa 1997) ("Clearly, his arrest on the other charges did not preclude the State from filing separate charges arising out of the same incident or episode after the forty-five-day period had expired."), *overruled in part on other grounds by* Williams, 895 N.W.2d 856.

The district court did not err by denying Berg's motion to dismiss. "[T]he forty-five-day period to bring an indictment applies only to the public offense for which the defendant was arrested and any lesser included offenses." *State v. Penn-Kennedy*, 862 N.W.2d 384, 390 (Iowa 2015), *overruled on other grounds by* Williams, 895 N.W.2d 856. Theft and unauthorized use of a credit card are different offenses. *See State v. Pittman*, No. 13-1762, 2015 WL 567228, at *7 (Iowa Ct. App. Feb. 11, 2015) (finding unauthorized use of a credit card and theft-

by-deception "two distinct crimes"). They reside in separate chapters of the Iowa Code. *See Abrahamson*, 746 N.W.2d at 276 (considering the location of the code sections of the charged crimes in analyzing whether the offenses are the same). While the charges are based on the same series of events, the speedy-indictment rule does "not apply 'to all offenses arising from the same incident or episode'". *Penn-Kennedy*, 862 N.W.2d at 390 (quoting *State v. Sunclades*, 305 N.W.2d 491, 494 (Iowa 1981) (finding that the speedy-indictment rule applied only to the initial charge of attempted murder for which the defendant was arrested and not the later-filed separate charges of going armed with intent and assault while participating in a felony that arose out of the same incident)). The fourth-degree-theft charge for which Berg was originally arrested requires proof of the taking of the property of another. *See* Iowa Code §§ 714.1, 714.2(4). The complaint largely focused on the unlawful activation of the gift cards at Casey's and employee theft. The unauthorized-use-of-a-credit-card charge focuses on the use of the gift cards to obtain merchandise. *See id.* § 715A.6(1)(a)(1) ("A person commits a public offense by using a credit card for the purpose of obtaining property . . . with knowledge . . . [t]he credit card has been revoked or canceled."). The same evidence of unlawful activation that supported the theft charge is probative of Berg's awareness that she was not authorized to use the card. The evidence is being used to prove different acts even though they stem from the same incident. *See generally Abrahamson*, 746 N.W.2d at 275. But this does not support the assertion that the two charges are synonymous.

*B. Sufficiency of the Evidence.*

Second, Berg contends that the conviction is unsupported by sufficient evidence because the only evidence offered is an uncorroborated confession. *See Curtis v. State*, No. 06-1045, 2008 WL 3916446, at *5 (Iowa Ct. App. Aug. 27, 2008) (holding that out-of-court confessions require corroboration to warrant a conviction). "Corroboration need not be strong . . . so long as it confirms some material fact connecting the defendant with the crime." *Id.* (citation omitted). Our review of a trial-on-the-minutes verdict is the same as a jury verdict. *State v. Geddes*, 998 N.W.2d 166, 174 (Iowa 2023).

When viewed in the light most favorable to the State, substantial evidence supports Berg's conviction. *See Crawford*, 972 N.W.2d at 202. Two July 12, 2022 receipts from Casey's confirmed a cashier named "Sarah" approved the activation of the three cards. A third Casey's receipt dated July 13 showed a purchase of groceries and gas. The last four digits of the Casey's gift card activated on July 12 match the last four digits of the card used to purchase merchandise on July 13. The police complaints and investigation verify these transactions. Combined, these documents corroborate Berg's confession to both activating and using the cards to purchase other items. *See Curtis*, 2008 WL 3916446, at *5.

**IV.    Disposition.**

Because Berg's right to a speedy indictment was not violated and sufficient evidence supports the verdict, we affirm her conviction of unauthorized use of a credit card.

**AFFIRMED.**