# IN THE COURT OF APPEALS OF IOWA

No. 24-1573
Filed July 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL DWIGHT PAGE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, David Faith, Judge.


        Following a conditional guilty plea, a defendant appeals his conviction for willful injury causing serious injury, arguing the district court improperly denied his motion to dismiss.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Linda J. Hines (until withdrawal) and Timothy M. Hau, Assistant Attorneys General, for appellee.


        Considered without oral arguments by Schumacher, P.J., and Buller and Sandy, JJ.

**SCHUMACHER, Presiding Judge.**

On November 14, 2023, the State charged Michael Page by trial information with three counts of willful injury causing serious injury and one count of domestic abuse assault. The charges were based on Page's act of stabbing his domestic partner with a tactical knife three times.

The parties agree the State brought an attempted murder charge against Page in an earlier criminal proceeding based on the same events (hereinafter, the first proceeding). The parties also agree that on November 14, 2023, the State filed for and was granted a motion to dismiss that charge "in the interest of justice." The State filed the charges in the current proceeding on the same day the attempted murder charge in the first proceeding was dismissed.

Following the initiation of the current proceedings, Page filed a motion to dismiss. He asserted the continued prosecution violated his speedy-trial right. The State resisted. After hearing arguments, the district court denied Page's motion.

Page later entered a conditional *Alford*[1] plea to all charges, reserving the right to appeal the district court's denial of his motion to dismiss. Pursuant to the terms of his conditional plea agreement, Page appeals.[2]

We review alleged violations of a defendant's right to speedy trial for correction of legal error. *State v. Abrahamson*, 746 N.W.2d 270, 273 (Iowa 2008).

---

[1] *See State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005) ("[A] defendant enters an *Alford* plea by pleading guilty while still maintaining his innocence."); *see also North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] We have jurisdiction to consider this appeal because Page's conditional plea agreement reserved the right to appeal the denial of his motion to dismiss, the adverse ruling now challenged, and success on that challenge could give Page "some relief." *See State v. Scullark*, __ N.W.3d __, __, 2025 WL 1717213, at *2 (Iowa 2025); *State v. McClain*, 20 N.W.3d 488, 495 (Iowa 2025).

"[A] charge is barred by a previous speedy trial dismissal" when a two-prong test is satisfied. *Id.* First, the initial charge must have been "dismissed 'for speedy-trial reasons.'" *Id.* If the dismissal was granted "in the furtherance of justice," the first prong is not satisfied. *Id.* Second, the subsequent charge must be "for the 'same offense' previously dismissed on speedy trial grounds." *Id.*

The district court determined the attempted murder charge in the first proceeding "was dismissed for speedy-trial reasons." In its resistance to Page's appeal, "[t]he State assumes without conceding that the district court was correct." Accordingly, we focus our analysis on whether the district court erred in concluding willful injury causing serious injury is not the same offense as attempted murder.[3]

Page's singular argument on appeal is that "[a]ttempted murder and willful injury causing serious injury are the same offense because both offenses relied on the exact same set of facts—Page stabbing J.A. three times without justification."

Iowa uses the "'same evidence' test for determining whether two alleged offenses are the same" for speedy-trial purposes. *State v. Moritz*, 293 N.W.2d 235, 238 (Iowa 1980).[4] Under that rule, two offenses shall be considered the same when it "appear[s] that the two offenses are in substance the same, or of the same nature, or same species, so that the evidence which proves one would prove the other." *Id.* at 238–39 (quoting *State v. Stewart*, 223 N.W.2d 250, 251 (Iowa 1974)).

---

[3] Page does not challenge the denial of his motion to dismiss as it relates to the domestic abuse charge, conceding it is a different offense than attempted murder.
[4] We acknowledge some question as to whether the evidentiary analysis in *Mortiz* has been displaced in whole or in part by the element-driven analysis of *State v. Jeffries*, 430 N.W.2d 728, 735–36 (Iowa 1988) (adopting the "legal" or "elements" test from *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). But we need not resolve that question to decide this appeal.

But two offenses are not the same for speedy-trial purposes if "an essential element of one offense is not necessarily present in the other," even if "the same evidence may be offered to sustain the indictment of each." *Stewart*, 223 N.W.2d at 251 (citation omitted); *see also State v. Burton*, 231 N.W.2d 577, 578 (Iowa 1975) (observing a defendant's right to speedy indictment does not preclude the State from bringing "separate charges from one episode" "simply because both charges arose from the same episode"); *cf. Moritz*, 293 N.W.2d at 238–39 (adopting for the speedy-trial context, without exception, the "rationale" of the "same evidence" test applied in *Stewart*).

We turn to the text of the statutes defining the offenses to "determine whether charges allege the same offense for speedy-trial . . . purposes." *State v. Berg*, 12 N.W.3d 583, 588 (Iowa 2024).

Iowa Code section 707.11(1) (2023) defines attempted murder. It provides,

> A person commits the offense of attempt to commit murder when, with the intent to cause the death of another person and not under circumstances which would justify the person's actions, the person does any act by which the person expects to set in motion a force or chain of events which will cause or result in the death of another person.

Iowa Code § 707.11(1).

Iowa Code section 708.4 defines willful injury causing serious injury. It provides, "Any person who does an act which is not justified and which is intended to cause serious injury to another commits willful injury, which is punishable as . . . [a] class 'C' felony, if the person causes serious injury to another." *Id.* § 708.4.

Against this backdrop, the district court denied Page's motion. It reasoned, "The intent and expectation to cause death, on the one hand, and the intent to

injure, on the other, are two different states of mind." Further, the district court rejected Page's argument "that since the physical act he is alleged to have committed, stabbing a woman repeatedly, is the same for all three offenses he was charged with, that they are all the same offense for purposes of speedy trial." It recognized,

> The Iowa Supreme Court has made clear that "simply because both charges arose from the same episode . . . does not limit the state to a single charge from one episode, nor does it make separate charges from one episode a single charge for purposes of statutory speedy indictment and speedy trial guarantees."

(quoting *Burton*, 231 N.W.2d at 578). And the district court observed the offenses of "attempted murder[ and] willful injury . . . are not legally the same act or offense. They arise from different statutes, have different elements, and require different proof."

We agree. While both offenses include a necessary intent element, the intent required is different in each. To be sure, Page does not assert the claim that the intent elements are the same. His only argument is that because the same events constitute the evidence to support both charges, the offenses are the same for speedy trial purposes. But as the district court observed and as we have already recognized, this argument was rejected by the Iowa Supreme Court. *See Burton*, 231 N.W.2d at 578.

Additionally, we would reject the argument that the necessary elements were the same, even if Page had asserted it. A conviction for willful injury requires proof of injury. *See State v. Clarke*, 475 N.W.2d 193, 194 (Iowa 1991); Iowa Code § 708.4(1). Attempted murder does not. *See Clarke*, 475 N.W.2d at 194; Iowa Code § 707.11(1). This element distinguishes the offenses of willful injury and

attempted murder.  *Clarke*, 475 N.W.2d at 194–95.  So, Page's challenge would fail.  Accordingly, we affirm.

**AFFIRMED.**